696 So.2d 976 (1997)
STATE of Louisiana
v.
Wilfred ROME.
No. 96-KA-0991.
Supreme Court of Louisiana.
July 1, 1997.
*977 Richard P. Ieyoub, Attorney General, Harry F. Connick, Dist. Atty., Karen Kirshbom Herman, John Jerry Glas, New Orleans, for applicant.
Ralph Capitelli, Capitelli & Wicker, Paul Michael Elvir, Jr., New Orleans, for respondent.
KIMBALL, Justice.[*]

ISSUE
This criminal appeal involves the constitutionality of La.C.Cr.P. art. 894.2, which provides, in part, that a court may sentence a defendant to home incarceration, in lieu of imprisonment, if the Department of Public Safety and Corrections ("Department") through the division of probation and parole, recommends home incarceration of the defendant and specific conditions of that home incarceration.

FACTS
On the night of March 17, 1995, at approximately 10:22 p.m., the defendant, Wilfred Rome, drove a van into a group of people who were standing on the sidewalk at the corner of Bourbon and Bienville Streets in New Orleans watching a St. Patrick's Day Parade. While operating this van, the defendant struck thirty-nine people, killing one person. Testing performed after the accident revealed that the defendant's blood alcohol level measured 0.156 percent.
Following his arrest, the defendant was charged by bill of information with thirtynine counts of vehicular negligent injuring pursuant to La. R.S. 14:39.1 and charged by a separate bill of information with one count of vehicular homicide pursuant to La. R.S. 14:32.1. On December 13, 1995, the defendant pled guilty to all of the above counts.
The trial judge sentenced the defendant to six months in parish prison for each of the thirty-nine counts of vehicular negligent injuring, to run concurrently, and suspended the six month sentences.[1] As to the vehicular homicide charge, the trial judge sentenced the defendant to five years at hard labor, suspended three of the five years, and ordered the remaining two years to be served in home incarceration. In addition, the trial judge ordered the defendant to spend weekends during the first year of home incarceration at the St. Bernard Parish Prison, to complete fifteen hundred hours of community service, to undergo urine and breathalyzer testing, and to submit to any conditions that Karla Surgi, an employee of the Criminal District Court Intensive Probation Program, felt were necessary to monitor the defendant.
On January 4, 1996, the state timely filed a motion to reconsider and correct an illegal sentence. According to the state, the trial judge was prohibited from imposing home incarceration without a prior recommendation by the Department pursuant to La. C.Cr.P. art. 894.2(A)(2).[2] Following the hearing on the state's motion to correct the illegal sentence, the trial judge denied the state's motion. The trial judge concluded that La.C.Cr.P. art. 894.2(A)(2), which requires a recommendation by the Department before a trial judge can sentence a defendant to home incarceration, was a violation of the separation of powers doctrine because it allowed the "executive [branch] to tell the judiciary what to do." The trial judge went on to declare that "I feel it's unconstitutional."
The state applied for a writ of review to the Fourth Circuit Court of Appeal. On February 27, 1996, the Fourth Circuit denied the state's application for review. State v. Rome, 96-K-0152 (La.App. 4th Cir. 2/27/96). The state applied for a rehearing, which was denied by the Fourth Circuit Court of Appeal *978 on March 26, 1996. State v. Rome, 96-K-0152 (La.App. 4th Cir. 3/26/96). In its denial of rehearing, the court of appeal noted that a constitutional challenge to a statute lies within the exclusive jurisdiction of the Louisiana Supreme Court. Id.
On May 31, 1996, this court granted the state's application for supervisory and/or remedial writs and ordered the matter to be docketed as an appeal. State v. Rome (La.5/31/96), 673 So.2d 1021.

LAW AND DISCUSSION
The defendant maintains it usurps the sentencing discretion of the judiciary in violation of the doctrine of separation of powers to require that the Department, a division of the executive branch of government, give prior approval before a trial judge can sentence a defendant to home incarceration. According to the defendant, La.C.Cr.P. art. 894.2 should be interpreted to allow the trial court to sentence a defendant to home incarceration either with the recommendation of the Department, or without that recommendation if the sentencing judge determines that home incarceration is appropriate.
Louisiana's Constitution divides the state's governmental powers among three distinct branches: legislative, executive and judicial. La. Const. art. II, § 1. The Louisiana Constitution further provides: "Except as otherwise provided by this Constitution, no one of these branches, nor any person holding office in one of them, shall exercise power belonging to either of the others." La. Const. art. II, § 2. This division creates in the judicial branch powers with which the legislative and executive branches shall not interfere. Singer Hutner Levine Seeman & Stuart v. La. State Bar Ass'n, 378 So.2d 423 (La.1979). La. Const. Art. V, § 1 provides: "The judicial power is vested in a supreme court, court of appeal, and other courts authorized by this article."
One of the traditional, inherent and exclusive powers of the judiciary is the power to sentence. State v. LeCompte, 406 So.2d 1300, 1311 (La.1981) (on rehearing). After a defendant is convicted of a crime, the determination of his sentence is within the sound discretion of the trial judge. State v. Jackson, 298 So.2d 777, 780 (La.1974). However, the trial judge's sentencing discretion is not unbridled, as the legislative branch of government is free to decide what constitutes a crime as well as "what punishments shall be meted out by a court after the judicial ascertainment of guilt." State v. Normand, 285 So.2d 210, 211 (La.1973). Therefore, the fixing of penalties is purely a legislative function,[3] but the trial judge has the discretion to determine the appropriate sentence within the sentencing range fixed by the legislature.[4]
It is a well established principle that it is the legislature's prerogative to determine the length of the sentence imposed for crimes classified as felonies. State v. Dorthey, 623 So.2d 1276, 1278 (La.1993). The legislature is also free to limit the discretion of the court in sentencing by prohibiting the court's authority to suspend or probate a sentence. Normand, 285 So.2d at 211. The penalty that must be imposed for a conviction of vehicular homicide is contained in La. R.S. 14:32.1(B):
Whoever commits the crime of vehicular homicide shall be fined not less than two thousand dollars nor more than fifteen thousand dollars and shall be imprisoned with or without hard labor for not less than two years nor more than fifteen years. At least one year of the sentence of imprisonment shall be imposed without benefit of probation, parole, or suspension of sentence. The court shall require the offender to participate in a court-approved substance abuse program or a court-approved driver improvement program or both.
Under the clear language of La. R.S. 14:32.1(B), the trial judge was required to sentence the defendant to a minimum of two years imprisonment, of which, one year of *979 that imprisonment was required to be without benefit of probation, parole, or suspension of sentence. Thus, the trial judge was mandated to sentence the defendant to at least one year of imprisonment and did not have the option of suspending the defendant's sentence or placing the defendant on probation for at least one year.
However, by virtue of La. Acts 1988, No. 321 § 1, the legislature added La.C.Cr.P. art. 894.2 "to authorize the court to sentence certain defendants to home incarceration under certain circumstances [and] to provide requirements, procedures, and conditions."
La.C.Cr.P. art. 894.2 provides, in pertinent part:
A. Notwithstanding any other provision of law to the contrary, a defendant may be sentenced to home incarceration in lieu of imprisonment under the following conditions:
(1) The defendant is eligible for probation or was convicted of a misdemeanor or a felony punishable with or without hard labor.
(2) In felony cases, the Department of Public Safety and Corrections, through the division of probation and parole, recommends home incarceration of the defendant and specific conditions of that home incarceration.
(3) The court determines that home incarceration of the defendant is more suitable than imprisonment or supervised probation without home incarceration.
The legislature, pursuant to its power to determine the appropriate punishment for crimes classified as felonies,[5] enacted this special provision which allows the trial judge to sentence a defendant to home incarceration in lieu of imprisonment, even though the statute the defendant was convicted under requires the defendant be sentenced to a term of imprisonment without benefit of probation, parole, or suspension of sentence. However, before the trial judge may sentence a defendant to home incarceration in lieu of a traditional corrections facility, the defendant must satisfy all of the criteria established by La.C.Cr.P. art. 894.2.
The defendant in this case meets the requirements of paragraph (A)(1) of the statute as he was convicted of a felony punishable with or without labor. According to the trial judge, the defendant also satisfies the requirements of paragraph (A)(3) of the statute as the trial judge did in fact sentence the defendant to two years of home incarceration. However, the trial judge failed to obtain the recommendation of the Department as required by paragraph (A)(2) of the statute.[6]
The defendant relies upon the case of State v. LeCompte, 406 So.2d 1300 (La.1981) (on rehearing) in support of his contention that requiring a trial judge to obtain the recommendation of the Department before he can sentence a defendant to home incarceration violates the doctrine of separation of powers. LeCompte involved La. R.S. 40:967(G)(2), which provided that:
[t]he district attorney may move the sentencing court to reduce or suspend the sentence of any person [sentenced under this statute] who provides substantial assistance in the identification, arrest or conviction of other parties or conspirators to the crime for which he was convicted or to related crimes. This arresting agency shall be given an opportunity to be heard in reference to any such motion. The court may reduce or suspend the sentence if it finds that the defendant rendered such assistance.
*980 On original hearing, this Court interpreted La. R.S. 40:967(G)(2) as "not permit[ting] the courts to act on their own motion ..." and, thus, the exercise of a court's sentencing discretion was contingent upon the district attorney's first moving to reduce or suspend sentence. LeCompte, 406 So.2d at 1306. However, on rehearing, this Court reversed, finding that such an interpretation would violate the doctrine of separation of powers. Id. at 1309-1312. This court reasoned:
In this reconsideration of the separation of powers issue, we are not satisfied with our earlier reasons. If the trial court's decision whether to reduce or suspend the sentence is conditioned upon the district attorney's arbitrary discretion, admittedly coupled with his having to prove defendant's substantial assistance in the identification, arrest or conviction of other parties, the consequent sentencing (reduced or not, suspended or not) is at least as much the discretionary choice of the district attorney as that of the trial judge. Actually it is more so the choice of the district attorney if his motion is an outset requirement in order to permit the sentencing judge's considering a reduced or suspended sentence. Under Louisiana's constitutional separation of powers, the district attorney, a member of the executive branch, should have no role in sentencing, an obvious judicial function. Id. at 1311.
The LeCompte Court interpreted La. R.S. 40:967(G)(2) as providing that a trial judge could reduce or suspend a defendant's sentence on its own motion or that of the defense and did not have to obtain a recommendation from the district attorney's office.
We find that the statute at issue in LeCompte is clearly distinguishable from the statute at issue in this case. La. R.S. 40:967(G)(2) involved the term of imprisonment that could be imposed by a trial judge. However, La.C.Cr.P. art. 894.2 does not in any way infringe upon the trial judge's power to determine the appropriate term of imprisonment within the range specified by the legislature in La. R.S. 14:32.1. Rather, La. C.Cr.P. art. 894.2 merely concerns the place where the defendant will serve his term of imprisonment. Once a defendant is convicted of a felony, he becomes subject to confinement in a state adult penal institution and is automatically committed to the custody of the Louisiana Department of Public Safety and Corrections and not to any particular institution within the jurisdiction of the department. La. R.S. 15:824(A). A trial judge cannot designate the particular place of commitment wherein a defendant will serve his term of imprisonment. State v. Blue, 315 So.2d 281, 282 (La.1975). It is clear that the Department has the authority to determine exactly where a defendant, who has been convicted of a felony, will serve his term of imprisonment. La. R.S. 15:824(A); Blue, 315 So.2d at 282. Therefore, there is no merit in the defendant's argument that requiring the Department's recommendation before a trial judge may sentence a defendant to home incarceration in lieu of imprisonment violates the doctrine of separation of powers. Thus, the trial judge should have obtained the Department's recommendation as required by La.C.Cr.P. art. 894.2(A)(2) prior to sentencing the defendant to home incarceration in lieu of imprisonment.[7]
*981 Once a defendant is convicted of a crime, it is the mandatory duty of the trial judge presiding over that convicted defendant's case to impose a sentence that is authorized by law. State v. Johnson, 220 La. 64, 55 So.2d 782, 783 (1951). In this case, the trial judge's failure to obtain the Department's prior recommendation before sentencing the defendant to home incarceration in lieu of imprisonment resulted in the imposition of an illegal sentence as it was not authorized by law. According to the jurisprudence, an illegal sentence results in a situation where "no sentence at all has been imposed, and it [the sentence] must be remanded to the district court so that the judge may impose a legal sentence." Johnson, 55 So.2d at 784. Thus, the sentence of home incarceration which was imposed in lieu of imprisonment is annulled and set aside, and the case is remanded to the district court in order that the defendant may be sentenced according to the law.

DECREE
SENTENCE SET ASIDE, AND CASE REMANDED FOR RE-SENTENCING.
LEMMON, J., concurs and assigns reasons.
LEMMON, Judge, concurring.
It is the function of the legislative branch to fix the range of sentences for defined crimes; it is the function of the judicial branch to exercise discretion in selecting the sentence for a particular criminal act, within the range fixed by the Legislature (as long as the sentence is not constitutionally excessive).
If the judge selects a sentence that involves confinement in an adult penal institution, the Department of Public Safety and Corrections selects the particular institution at which the defendant is to be confined. La.Rev.Stat. 15:824. This procedure does not violate the separation of powers doctrine. Neither is that doctrine violated by the requirement that the Department's probation and parole division recommend home incarceration in lieu of imprisonment (generally in the pre-sentence investigation report) in order to make home incarceration an option available to the sentencing judge,[1] particularly since the judge has the discretion to accept or reject the recommendation and to choose the sentence ultimately imposed.
NOTES
[*] KNOLL, J., not on panel. Rule IV, Part 2, § 3.
[1] The sentence imposed for defendant's violations of La. R.S. 14:39.1 is not at issue in this case.
[2] La.C.Cr.P. art. 894.2(A)(2) requires, in felony cases, the recommendation of the Department before the trial judge can sentence a defendant to home incarceration under the statute.
[3] State v. Taylor, 479 So.2d 339, 341 (La. 1985).
[4] See State v. Dorthey, 623 So.2d 1276, 1280 (La.1993) (holding the trial judge has the discretion to reduce a mandatory sentence if he determines the punishment mandated by the habitual offender statute is constitutionally excessive).
[5] Dorthey, 623 So.2d at 1278.
[6] See also Cheney C. Joseph, Jr., Developments in the Law 1987-1988, Criminal Procedure, 49 La. L.Rev. 331, 334 (1988), wherein the following observation is made:

There is one other significant limitation on the availability of home incarceration. According to 894.2 A(2), the home incarceration sentence is not available to the sentencing court in felony cases unless the probation division of the Department of Corrections recommends it. The division therefore can prevent home incarceration by simply not recommending its use. If the probation staff is not satisfied that the particular defendant will respond well to a program of home incarceration, they can, in effect, force the judge to choose between straight probation and traditional incarceration.
[7] In this case, the trial judge sentenced the defendant to a total of five years at hard labor, suspended three of the five years, and ordered the remaining two years to be served in home incarceration. Under La. R.S. 14:32.1, the trial judge in this case was mandated to sentence the defendant to at least two years of imprisonment, of which, one year of that imprisonment was not subject to probation, parole, or suspension of sentence. However, the trial judge was free to exercise his discretion and suspend the remainder of defendant's sentence and place him on probation. This holding does not address the issue of whether the trial judge could have imposed home incarceration upon the defendant, without the recommendation of the Department, as a condition of the defendant's probation pursuant to La.C.Cr.P. art. 893(A) and La.C.Cr.P. art. 895. La.C.Cr.P. art. 893(A) provides, in pertinent part:

When it appears that the best interest of the public and of the defendant will be served, the court after a first or second conviction of a noncapital felony, may suspend, in whole or part, the imposition or execution of either or both sentences, where suspension is allowed under the law, and in either or both cases place the defendant on probation under the supervision of the division of probation and parole.
However, we note that if a trial judge exercises his lawful discretion and places a defendant convicted of a noncapital felony on probation, the trial judge must place that defendant on probation under the supervision of the division of probation and parole.
[1] Of course, the sentencing judge can request a recommendation of home incarceration for a particular defendant.