738 So.2d 168 (1999)
STATE of Louisiana
v.
Tuan LE.
No. 98-KA-1274.
Court of Appeal of Louisiana, Fifth Circuit.
June 30, 1999.
*169 Paul D. Connick, Jr., District Attorney, 24th Judicial District, Rebecca J. Becker, Terry Boudreaux, George C. Wallace, Jr., Ron A. Austin, Assistant District Attorneys, Gretna, Louisiana, Attorneys for Appellee.
Bruce G. Whittaker, Louisiana Appellate Project, Gretna, Louisiana, Attorney for Appellant.
Panel composed of Judges H. CHARLES GAUDIN, CHARLES GRISBAUM, Jr. and MARION F. EDWARDS.
EDWARDS, Judge.
Defendant/Appellant Tuan Le appeals the ruling of the trial court sentencing him to forty (40) years at hard labor for committing manslaughter in violation of LSR.S. 14:31. For the following reasons, we affirm.
On April 30, 1997, the defendant and another youth, Hoang Pham, drove a stolen *170 car to the trailer in which Pham's mother lived. At the time that the events in question took place, the defendant was fifteen years old and Pham was approximately fourteen years old. Pham's mother, Tuyet Do, was at work when they arrived. The two youths entered the trailer and stole personal property belonging to Ms. Do. Accompanied by a third youth, Hai Huynh, the youths drove away from the area. A neighbor called Ms. Do and reported the suspicious activity to her. Ms. Do contacted her brother, Chin Do, and they returned to the trailer. Upon discovering that she had been robbed, Ms. Do notified the police. She and her brother then left in search of Pham, who they learned was in the Utah Beach area.
The two youths, Hoang Pham and Tuan Le, had parked another stolen car in the Utah Beach area of Bridge City. Accompanied by Hai Huynh, they were attempting to charge the battery of the second stolen car when a Jefferson Parish Sheriff's officer drove by on a random patrol of the area in his marked unit. The three youths fled the scene, at which time the defendant hid a .38 caliber revolver he was carrying in the bushes of a local apartment complex.
Tam Nguyen, a female resident of the complex who happened to be pregnant at the time, observed the defendant hide the gun in the bushes. When the three youths ran off, she found the gun and delivered it to the police officer checking the two stolen cars. Ms. Nguyen then returned to the apartment complex. When the three youths realized that they were not being pursued, they returned for the gun. When they could not find the gun, the defendant confronted Ms. Nguyen and threatened her with physical harm. Pham handed defendant a .25 caliber semi-automatic pistol that he had been carrying. Ms. Nguyen chased them away with a weapon that she owned.
As the youths were fleeing from the confrontation, Chin Do and Tuyet Do arrived on the scene. Pham's mother grabbed Pham and Hai Huynh while Chin Do accosted the defendant. Chin Do called for the police while holding the defendant by his shirt. While Mr. Do was calling for the police, defendant pulled out the .25 caliber pistol and shot him in the chest. Mr. Do collapsed and the defendant escaped.
A search was conducted to locate the defendant and he was eventually captured several days later in New Orleans East. Defendant was transported to Jefferson Parish and was charged with the crime of second degree murder in violation of LSA-R.S. 14:30.1. The defendant claimed that the shooting was accidental and that he had no intention of killing Chin Do.
On June 1, 1998, a trial on the merits took place in front of the Honorable Sheldon G. Fernandez of the Twenty-Fourth Judicial District Court. A twelve-member jury was empaneled, evidence was presented by both parties, and the jury then retired to deliberate. On June 2, 1998, the jury found defendant, Tuan Le, guilty of the lesser charge of manslaughter in violation of LSA-R.S. 14:31. On July 22, 1998 the trial court sentenced the defendant to forty (40) years at hard labor. Defendant objected to the excessiveness of the sentence at the time it was imposed. Defendant filed a Motion for Appeal which was granted on August 5, 1998. The matter is now before this Court for review.

LAW AND ANALYSIS
Defendant asserts two assignments of error for review. In his first assignment of error, defendant alleges that the trial court imposed an excessive sentence. In his second assignment of error, defendant assigns as error any and all errors patent on the face of the record. The first assignment of error is without merit and the sentence imposed by the trial court must be affirmed. There is one error patent in the record, which may be corrected accordingly.
In his first assignment of error, defendant alleges that the sentence of forty (40) years imposed by the trial court is *171 excessive because he is a first-time offender given the maximum sentence allowed under the law. In this case, defendant was tried on a charge of second degree murder in violation of LSA-R.S. 14:30.1. At trial, the jury found defendant guilty of the lesser and included offense of manslaughter in violation of LSA-R.S. 14:31. Louisiana's manslaughter statute provides a maximum sentence of forty (40) years, which the trial court concluded was the proper sentence for the defendant considering his history and the circumstances involving the shooting death of Chin Do.
The Louisiana Constitution in Article 1, Section 20, prohibits the imposition of excessive punishment. Even a sentence within the prescribed statutory limit may violate a defendant's right against excessive punishment. State v. Sweeney, 443 So.2d 522 (La.1983). A sentence is constitutionally excessive if it is grossly out of proportion to the seriousness of the offense or is nothing more than a purposeless and needless infliction of pain and suffering. State v. Bradham, 94-71 (La. App. 5th Cir. 5/31/94), 638 So.2d 428. A sentence is grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. Id. The trial judge has wide discretion in imposing sentences within the statutory limits, and sentences will not be set aside as excessive absent manifest abuse of that broad discretion. State v. Lanclos, 419 So.2d 475 (La.1982); State v. Riche, 608 So.2d 639 (La.App. 5th Cir.1992); writ denied, 613 So.2d 972 (La.1993). When reviewing a judge's sentencing discretion this Court should consider: 1) the nature of the crime, 2) the nature and background of the offender, and 3) the sentence imposed for similar crimes by the same court and other courts. State v. Telsee, 425 So.2d 1251 (La.1983); State v. Smith, 520 So.2d 1252 (La.App. 5th Cir.1988); writ denied, 523 So.2d 1320.
Various courts have upheld the imposition of the maximum sentence in manslaughter cases. In many cases, the defendant was charged with second degree murder, but convicted of manslaughter and given the maximum sentence. See State v. Caraway, 28-769 (La.App. 2nd Cir. 10/30/96), 682 So.2d 856; State v. Carrier, 95-1003 (La.App. 3rd Cir. 3/6/96), 670 So.2d 794; writ denied, 96-881 (La.9/20/96), 679 So.2d 431; and State v. Kennedy, 461 So.2d 455 (La.App. 5th Cir. 1984). The court in Carrier recognized that the Third Circuit had previously upheld the maximum sentence noting it was clear the trial court felt the evidence supported a second degree murder verdict which he considered when pronouncing sentence. State v. Carrier, 670 So.2d at 799. Such consideration is proper. Id. at 800.
In the present case, defendant contends that the sentence was excessive because he is a first time offender and because he claims that the shooting was accidental. Despite this statement by the defendant, the facts brought out at trial support a finding that defendant had the specific intent to kill or inflict great bodily harm on Chin Do when he shot him. Additionally, the trial judge stated in his reasons for imposing sentence that he felt that the jury returned the verdict of manslaughter not because of a lack of evidence proving all of the elements but to avoid the burden of finding defendant guilty of a crime that carries a mandatory life sentence.
Defendant attempts to distinguish the sentences imposed in previous cases by pointing out that the maximum sentence for manslaughter at the time was twenty-one (21) years and now the maximum is forty (40) years. This argument calls into question the separation of powers issues discussed in State v. Rome, 96-0991 (La.7/1/97), 696 So.2d 976. In Rome, the Louisiana Supreme Court stated that the fixing of penalties is a purely legislative function, but the trial judge has the discretion to determine an appropriate sentence within the sentencing range fixed by the legislature. Id. at 978. Under Rome, the choice to increase the maximum penalty for manslaughter is a legislative function, *172 and that increase does not render sentences imposed under the new penalty provision excessive. Id.
Defendant also points to changes in Louisiana's "Good Time" law arguing that these changes make the sentence imposed in this case more onerous than those imposed in previous cases. Analogizing to Rome, the effect of "good time" is also a legislative function. This Court has also noted that good time credit is administered by the Department of Corrections and is not guaranteed. State v. Singleton, 96-203 (La.App. 5th Cir. 8/28/96), 680 So.2d 88; writ granted in part, 96-2380 (La.2/7/97), 688 So.2d 486.
Defendant constantly refers to himself as a first-time offender. This reference is misleading. While this conviction is his first conviction as an adult, the pre-sentence investigation and the trial court's reasons for imposing sentence reveal that defendant has a long history of criminal activity including simple burglary and possession of cocaine with intent to distribute. The record also reveals that defendant was placed in a home monitoring program and he removed the monitoring device and ran away.
Finally, the trial court in imposing sentence found that defendant was terrorizing the area prior to the shooting and took particular notice of the incident with the neighbor who had turned in the .38 caliber pistol just prior to the shooting. The trial court also recognized that defendant committed the most violent type of crime possible.
Based on the reasons cited by the trial court in imposing sentence and the legislature's prerogative in setting maximum sentences, the maximum sentence of forty (40) years imposed in this case is not constitutionally excessive. The sentence imposed by the trial court must be affirmed.
The record was reviewed for errors patent, according to LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5th Cir.1990); and State v. Godejohn, 425 So.2d 750 (La.1983).
LSA-C.Cr.P. art. 930.8 provides that a defendant has three years after his judgment of conviction and sentence becomes final within which to apply for postconviction relief. Subpart C of the article requires that the trial court inform the defendant of the three year prescriptive period at the time of sentencing. The record reflects that the trial court in this case did not so inform defendant. Therefore, we hereby order the trial court to send written notice of the prescriptive period to defendant within ten (10) days of the rendering of this Court's opinion, then file written proof in the record that defendant had received such notice. State v. Kershaw, 94-141 (La.App. 5th Cir. 9/14/94), 643 So.2d 1289, 1291.
In summary, it is the opinion of this Court that the trial court was not manifestly erroneous in imposing the maximum sentence of forty (40) years at hard labor on defendant for the crime of manslaughter. The sentence is not constitutionally excessive. There is one error patent in the record, which must be corrected as noted above.
AFFIRMED AND REMANDED WITH INSTRUCTIONS.