FREDERICKA HOMBERG WICKER, Judge.
|2In this criminal appeal, the State of Louisiana seeks review of defendant’s sentence imposed by the trial court ordering defendant to be placed in the Jefferson Parish Home Incarceration program pursuant to La.C.Cr.P. art. 894.2. Upon review of the record and consideration of the issues before this Court, we find that the recommendation of the Department of Public Safety and Corrections (“Department”) or the district attorney is required in felony cases before a trial court may place a defendant on home incarceration pursuant to La.C.Cr.P. art. 894.2. Because we find the trial judge in this case imposed an illegally lenient sentence, we vacate defendant’s sentence and remand the matter to the trial court for resentenc-ing.
On February 11, 2011, the Jefferson Parish District Attorney filed a bill of information charging defendant, Jose Trinidad Maldonado, with a third offense of operating a motor vehicle while intoxicated in violation of La. R.S. 14:98(A)(D). On August 16, 2011, defendant pled guilty as charged[1] and was on that day sentenced to two years imprisonment at hard labor with the first year to be served ^without benefit of probation, parole, or suspension of sentence.[2] The court instructed that *1223 defendant would be allowed to serve the first year of his sentence in the Jefferson Parish Home Incarceration Program. The state objected to the terms of the sentence and made an oral motion for the trial judge to correct the sentence, which was denied. On August 17, 2011, the state filed a written Motion to Correct Illegal Sentence asserting that a trial judge may not place a defendant in home incarceration pursuant to La.C.Cr.P. art. 894.2 in a felony case without the recommendation of the Department or the district attorney. On August 22, 2011, the trial court denied the state’s motion and the state timely appealed.
Defendant pled guilty to driving while intoxicated, third offense, in violation of La. R.S. 14:98(D), which provides in pertinent part:
On a conviction of a third offense, notwithstanding any other provision of law to the contrary and regardless of whether the offense occurred before or after an earlier conviction, the offender shall be imprisoned with or without hard labor for not less than one year nor more than five years and shall be fined two thousand dollars. One year of the sentence of imprisonment shall be imposed without benefit of probation, parole, or suspension of sentence. The court, in its discretion, may suspend all or any part of the remainder of the sentence of imprisonment. If any portion of the sentence is suspended, the offender shall be placed on supervised probation with the Department of Public Safety and Corrections, division of probation and parole, for a period of time equal to the remainder of the sentence of imprisonment, which probation shall commence on the day after the offender’s release from custody.
La. R.S. 14:98(D)(1)(a) (emphasis added).
Accordingly, the clear language of La. R.S. 14:98(D)(1)(a) requires the trial judge to sentence defendant to a minimum of one year without the benefit of probation, parole, or suspension of sentence. Notwithstanding that requirement in |4R.S. 14:98(D)(1)(a), the Louisiana Supreme Court has interpreted La.C.Cr.P. art. 894.2 and found that a trial judge may “sentence a defendant to home incarceration in lieu of imprisonment, even though the statute the defendant was convicted under requires the defendant be sentenced to a term of imprisonment without benefit of probation, parole, or suspension of sentence.” State v. Rome, 96-0991, p. 5 (La.7/1/97), 696 So.2d 976, 979. However, before a trial judge may sentence a defendant to home incarceration in lieu of imprisonment, “the defendant must satisfy all of the criteria established by La.C.Cr.P. art. 894.2.” Id.
In its brief to this Court, the state asserts that a trial judge may not in a felony case place a defendant on home incarceration in lieu of imprisonment without the recommendation of the Department or the *1224 district attorney as required under La. C.Cr.P. art. 894.2(A)(2).[3] Further, the state notes that the 2009 amendment to La.C.Cr.P. art. 894.2(A)(2) further supports its position and demonstrates the legislature’s intent to specifically require the recommendation of the Department or district attorney before a defendant in a felony case may be placed on home incarceration under La.C.Cr.P. art. 894.2.
The disputed issue in this case is one of statutory interpretation, which is subject to de novo review. Harrah’s Bossier City Inv. Co., LLC v. Bridges, 2009-1916 (La.5/11/10), 41 So.3d 438, 445, reh’g denied (June 25, 2010); Holly & Smith Architects, Inc. v. St. Helena Congregate Facility, Inc., 2006-0582, p. 9 (La.11/29/06), 943 So.2d 1037, 1045. The starting point in the interpretation of any statute is the language of the statute itself. State v. Johnson, 2003-2993 (La.10/19/04), 884 So.2d 568, 575; Theriot v. Midland Risk Insurance Co., 95-2895 (La.5/20/97), 694 So.2d 184, 186. La.C.Cr.P. art. 894.2(A) provides:
liA- Notwithstanding any other provision of law to the contrary, a defendant may be placed on home incarceration under the following conditions:
(1) The defendant is eligible for probation or was convicted of a misdemeanor or a felony punishable with or without hard labor.
(2) In felony cases, either:
(a) The Department of Public Safety and Corrections, through the division of probation and parole, recommends home incarceration of the defendant and specific conditions of that home incarceration; or
(b) The district attorney recommends home incarceration.
(3)The court determines, after a contradictory hearing, that home incarceration of the defendant is more suitable than imprisonment or supervised probation without home incarceration and would serve the best interests of justice. The court may order home incarceration either in lieu of, or in addition to, a term of imprisonment. When the court sentences a defendant, it may order the defendant to serve any portion of the sentence under home incarceration.
A basic interpretation of subparagraph (A)(2) instructs that there is a requirement in felony cases that either the department or the district attorney make a recommendation of home incarceration before a defendant may be sentenced or placed on home incarceration under La.C.Cr.P. art. 894.2. Prior to its amendment in 2009[4], La.C.Cr.P. art. 894.2(A)(2) provided that home incarceration was appropriate in felony cases as follows:
In felony cases, the Department of Public Safety and Corrections, through the division of probation and parole, recommends home incarceration of the defendant and specific conditions of that home incarceration, or the district attorney recommends home incarceration, or, after contradictory hearing, the court determines that home incarceration would serve the best interests of justice.
In its brief to this Court, the state argues that the 2009 amendment removing from subparagraph (A)(2) the language “or, after contradictory hearing, the court determines that home incarceration would serve the best interests of justice” demonstrates the legislature’s intent to eliminate *1225 the trial judge’s sole discretion to 16place a defendant in a felony case on home incarceration. Further, the state argues that the 2009 amendment to the article demonstrates the legislature’s intent to require in a felony case the recommendation of the Department or the district attorney in addition to the trial judge’s finding that placement on home incarceration would serve the best interest of justice. We agree that the 2009 amendment demonstrates the legislature’s intent to require that a defendant in a felony case shall not be placed on home incarceration pursuant to La.C.Cr.P. art. 894.2 without the recommendation of the Department or the district attorney, as set forth in subparagraph (A)(2), in addition to the trial judge’s finding that home incarceration is more suitable and would serve the best interests of justice, as required under subparagraph (A)(3).
The Louisiana Supreme Court, in interpreting a prior but similar version of La. C.Cr.P. art. 894.2(A)[5], found that all three subparagraphs of the article must be satisfied for a defendant in a felony case to be placed on home incarceration. See State v. Rome, 96-0991, p. 5 (La.7/1/97), 696 So.2d 976, 979. Therefore, we interpret the article to require that each of the three subparagraphs must be satisfied before a defendant may be placed on home incarceration under La.C.Cr.P. art. 894.2. The defendant in this case meets the requirements of paragraph (A)(1) of the statute as he was convicted of a felony punishable with or without labor. According to the trial judge, who did in fact place defendant on home incarceration, the defendant also satisfies the requirements of paragraph (A)(3). |7However, neither the Department nor the district attorney made a recommendation that defendant be placed on home incarceration. Therefore, all requirements set forth in La.C.Cr.P. art. 894.2 were not satisfied in this case and thus the trial court imposed an illegally lenient sentence.
The Louisiana Supreme Court has held that “an illegal sentence results in a situation where ‘no sentence at all has been imposed, and it [the sentence] must be remanded to the district court so that the judge may impose a legal sentence.’ ” State v. Rome, 96-0991 (La.7/1/97), 696 So.2d 976, 981, quoting State v. Johnson, 220 La. 64, 55 So.2d 782, 783 (1951). Considering the foregoing, we vacate the illegal sentence imposed by the trial court which is prohibited by law. This matter is remanded to the trial court for re-sentene-ing in compliance with all of the requirements set forth in La. R.S. 14:98(D).

SENTENCE VACATED; MATTER REMANDED FOR RESENTENCING

. On April 27, 2011, defendant was arraigned and pled not guilty. On August 16, 2011, defendant withdrew his plea of not guilty and tendered a plea of guilty as charged.

. At sentencing, the trial court suspended the second year of defendant’s sentence and ordered that defendant would be placed on active probation for that year. The trial court *1223 further ordered defendant, for thirty days, to complete community service activities for eight hours per day. Defendant was further ordered to submit to immediate substance abuse evaluation and complete an in-patient substance abuse treatment program for a period of at least four weeks with out-patient treatment thereafter for a period not to exceed twelve months. Defendant was instructed to obtain employment and to complete a court-approved driver improvement program. Defendant was further fined $2,000.00 and was ordered to pay all court costs and fees associated with the Home Incarceration Program and probation. The court also ordered that an interlock device be placed on any vehicle to be driven by defendant during the probationary period and informed defendant that the vehicle he was driving at the time of the instant offense would be seized and sold pursuant to law.

. The defendant did not file a brief for this Court's consideration.

. La.C.Cr.P. art. 894.2 was amended by Acts 2009, No. 159, § 1.

. The version of La.C.Cr.P. art. 894.2 as discussed in State v. Rome, 96-0991 p. 5 (La.7/1/97), 696 So.2d 976, 979, provided:
A. Notwithstanding any other provision of law to the contrary, a defendant may be sentenced to home incarceration in lieu of imprisonment under the following conditions:
1) The defendant is eligible for probation or was convicted of a misdemeanor or a felony punishable with or without hard labor.
(2) In felony cases, the Department of Public Safety and Corrections, through the division of probation and parole, recommends home incarceration of the defendant and specific conditions of that home incarceration.
(3) The court determines that home incarceration of the defendant is more suitable than imprisonment or supervised probation without home incarceration.