ROBERT A. CHAISSON, Judge.
|2In this appeal, the State seeks review of the trial court’s denial of its motion to correct an illegal sentence. For the reasons that follow, we find that the trial court erred in denying the State’s| motion.

STATEMENT OF THE CASE

On July 29, 2010, the Jefferson Parish District Attorney filed a bill of information charging defendant, Cevera J. Breaux, III, with driving while intoxicated, third offense, in violation of LSA-R.S. 14:98(A), (D). At his arraignment, defendant pled not guilty. On April 27, 2011, defendant attempted to plead guilty; however, during the plea colloquy, the State informed the court that its office would not recommend the home incarceration program and the proceedings were concluded.
*1227 On July 8, 2011, defendant filed a motion to recommend home incarceration and a memorandum in support of his motion, requesting that a contradictory hearing be set for the court to determine if home incarceration was more suitable than imprisonment or supervised probation without home incarceration. At the | shearing conducted on July 11, 2011, the trial court determined that home incarceration was appropriate.
Thereafter, on September 12, 2011, defendant withdrew his not guilty plea and pled guilty as charged to driving while intoxicated, third offense. The trial court then sentenced defendant as follows:
Your custody is remanded to the Jefferson Parish correctional facility and therein you will spend 18 months. The first 45 days of that sentence will be served without the benefit of probation, parole or suspension of sentence.
The Court will allow you to serve those 45 days in the Jefferson Parish Home Incarceration Program, herein after known as JP-HIP. The remaining 16 and a half months of the 187 month sentence[1] are suspended and shall be spent on active probation and in the custody of the JP-HIP for a period of 16 and a half months.
You shall complete 38 hours of court approved community service. You will submit to an immediate substance abuse evaluation and in-patient substance abuse treatment for at least four weeks, followed by out-patient treatment for a period not to exceed 12 months. Upon completion of the in-patient treatment the defendant, you, sir, will be returned to the custody of the JP-HIP for the remainder of probation. You’re fined $2,000.00 and all costs as is indicated on your schedule of fines, fees and costs attached hereto. You shall obtain employment, you’ll successfully complete driver improvement program. An interlock device is ordered for the period of probation on any vehicle you may operate and that the vehicle in this matter shall be seized and sold if applicable under the law. [footnote added]
Immediately thereafter, the State objected to the sentence and filed a motion to correct illegal sentence. In its motion, the State argued that the trial court was without authority to impose home incarceration on defendant for the initial forty-five days of his sentence because neither the Department of Public Safety and Corrections nor the District Attorney had recommended home incarceration as required by LSA-C.Cr.P. art. 894.2. The trial court denied the State’s motion. It is from this denial that the State now appeals.

\4law and analysis

On appeal, the State contends that the trial court erred in placing defendant on home incarceration without the recommendation of either the Department of Public Safety and Corrections or the District Attorney as required by LSA-C.Cr.P. art. 894.2. The State argues that the text of Article 894.2 and the legislative amendments to the provision demonstrate that the recommendation of either the Department of Public Safety and Corrections or the District Attorney is a mandatory requirement of the article. The State submits that the portion of the sentence which placed defendant on home incarceration for the initial forty-five days of his sentence is illegal and must be set aside. We agree with the State’s argument.
*1228 In the present ease, defendant pled guilty to DWI, third offense, and was sentenced pursuant to LSA-R.S. 14:98(D). At the time of the instant offense, that provision provided, in pertinent part, as follows:
D. (l)(a) On a conviction of a third offense, notwithstanding any other provision of law to the contrary and regardless of whether the offense occurred before or after an earlier conviction, the offender shall be imprisoned with or without hard labor for not less than one year nor more than five years and shall be fined two thousand dollars. Forty-five days of the sentence of imprisonment shall be imposed without benefit of probation, parole, or suspension of sentence. The court, in its discretion, may suspend all or any part of the remainder of the sentence of imprisonment. If any portion of the sentence is suspended, the offender shall be placed on supervised probation with the Department of Public Safety and Corrections, division of probation and parole, for a period of time equal to the remainder of the sentence of imprisonment, which probation shall commence on the day after the offender’s release from custody.
LSA-R.S. 14:98(D)(l)(c) further provides that “any offender placed on probation pursuant to the provisions of Subsection D of this Section shall be placed in a home incarceration program approved by the division of probation and parole 15for a period of time not less than six months and not more than the remainder of the sentence of imprisonment.”
In the instant case, the trial court sentenced defendant to the Jefferson Parish Correctional Facility for eighteen months. The court noted that the first forty-five days of the sentence was to be served without benefit of parole, probation, or suspension of sentence and that defendant would be allowed to serve those forty-five days in the Jefferson Parish Home Incarceration Program. The court suspended the remaining sixteen and one-half months of the sentence, placed defendant on active probation, and imposed home incarceration for the probationary period.
Under the provisions of LSA-R.S. 14:98(D)(1), the trial court has the authority to suspend a portion of defendant’s sentence, to place him on active probation, and to order home incarceration during the probationary period; however, the trial court is without authority to do so for the first forty-five days. Under the clear language of LSA-R.S. 14:98(D)(l)(a), the trial court was required to sentence defendant to forty-five days in prison and did not have the option of suspending defendant’s sentence or placing defendant on probation for the first forty-five days. Therefore, the trial court was also not authorized to place defendant on home incarceration for the first forty-five days.
Our next inquiry is whether the trial court was authorized to place defendant on home incarceration for the first forty-five days of his sentence pursuant to LSA-C.Cr.P. art. 894.2.[2] At the time of the present offense, LSA-C.Cr.P. art. 894.2(A) provided the following:
|fA- Notwithstanding any other provision of law to the contrary, a defendant may be sentenced to home incarceration under the following conditions:
(1) The defendant is eligible for probation or was convicted of a misdemeanor or a felony punishable with or without hard labor.
*1229 (2) In felony cases, either:
(a) The Department of Public Safety and Corrections, through the division of probation and parole, recommends home incarceration of the defendant and specific conditions of that home incarceration; or
(b) The district attorney recommends home incarceration.
(3) The court determines, after a contradictory hearing, that home incarceration of the defendant is more suitable than imprisonment or supervised probation without home incarceration and would serve the best interests of justice. The court may sentence a defendant to home incarceration either in lieu of, or in addition to, a term of imprisonment. When the court sentences a defendant, it may order the defendant to serve any portion of the sentence under home incarceration.
The State would have us construe the statutory language at issue as prohibiting the trial court from imposing home incarceration without the recommendation of the District Attorney or the Department of Public Safety and Corrections. The State argues that in felony cases, LSA-C.Cr.P. art. 894.2(A) requires the presence of all three subsections. In contrast, defendant would have this Court interpret the article as requiring either subsection (2) or (3) occur for placement in home incarceration.
The function of statutory interpretation and the construction to be given to legislative acts rests with the judicial branch of the government. State v. Dick, 06-2223 (La.1/26/07), 951 So.2d 124, 130. The Louisiana Supreme Court has often noted that the paramount consideration in statutory interpretation is the ascertainment of legislative intent and the reason or reasons that prompted the legislature to enact the law. Legislative intent is the fundamental question in all cases of statutory interpretation, and rules of statutory construction are designed to l7ascertain and enforce the intent of the Legislature. State v. Johnson, 03-2993 (La.10/19/04), 884 So.2d 568, 575.
The starting point in the interpretation of any statute is the language of the statute itself. State v. Dick, 951 So.2d at 130. Consequently, when a law 'is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the Legislature. However, when the language of the law is susceptible of different meanings, it must be interpreted as having the meaning that best conforms to the purpose of the law. State v. Gutweiler, 06-2596 (La.4/8/08), 979 So.2d 469, 476. Moreover, when the words of a law are ambiguous, their meaning must be sought by examining the context in which they occur and the text of the law as a whole. State v. Dick, 951 So.2d at 131.
LSA-C.Cr.P. art. 894.2 was amended by Acts 2009, No. 159, § 1. Prior to the amendment in 2009, Article 894.2 provided, in pertinent part, the following:
A. Notwithstanding any other provision of law to the contrary, a defendant may be sentenced to home incarceration in lieu of imprisonment under the following conditions:
(1) The defendant is eligible for probation or was convicted of a misdemeanor or a felony punishable with or without hard labor.
(2) In felony cases, the Department of Public Safety and Corrections, through the division of probation and parole, recommends home incarceration of the defendant and specific conditions of that home incarceration, or the district attorney recommends home incarceration, or, after contradictory hearing, the court *1230 determines that home incarceration would serve the best interests of justice. (emphasis added)
(3) The court determines that home incarceration of the defendant is more suitable than imprisonment or supervised probation without home incarceration.
Prior to the 2009 amendment, the article clearly allowed the trial court to place a defendant on home incarceration in a felony case after a contradictory | ^hearing. This version of the article, which was not in effect at the time of the instant offense, did not require a recommendation from the Department of Public Safety and Corrections or from the District Attorney, as evidenced by the term “or” in subsection (2) of the article. However, the 2009 amendment specifically removed the language in subsection (2) regarding the trial court and incorporated the language into subsection (3). Subsection (2) was left with the requirement of a recommendation by either the Department of Public Safety and Corrections or the District Attorney only. We find that the legislative amendment, and in particular, the removal of the trial court’s authority in subsection (2), shows the legislative intent to require a recommendation by the Department of Public Safety and Corrections or the District Attorney for placement in home incarceration.
Further, in State v. Rome, 96-0991 (La.7/1/97), 696 So.2d 976, 979, the Louisiana Supreme Court, in discussing LSA-C.Cr.P. art. 894.2, explained the following:
The legislature, pursuant to its power to determine the appropriate punishment for crimes classified as felonies, enacted this special provision which allows the trial judge to sentence a defendant to home incarceration in lieu of imprisonment, even though the statute the defendant was convicted under requires the defendant be sentenced to a term of imprisonment without benefit of probation, parole, or suspension of sentence. However, before the trial judge may sentence a defendant to home incarceration in lieu of a traditional corrections facility, the defendant must satisfy all of the criteria established by La.C.Cr.P. art. 894.2.
At the time of the Rome decision, Article 894.2(A)[3] provided the following:
A. Notwithstanding any other provision of law to the contrary, a defendant may be sentenced to home incarceration in lieu of imprisonment under the following conditions:
(1) The defendant is eligible for probation or was convicted of a misdemeanor or a felony punishable with or without hard labor.
|a(2) In felony cases, the Department of Public Safety and Corrections, through the division of probation and parole, recommends home incarceration of the defendant and specific conditions of that home incarceration.
(3) The court determines that home incarceration of the defendant is more suitable than imprisonment or supervised probation without home incarceration.
In Rome, the Louisiana Supreme Court concluded that defendant had met the requirements of subsections (A)(1) and (A)(3), but that the “the trial judge’s failure to obtain the Department’s prior recommendation before sentencing defendant to home incarceration in lieu of imprisonment resulted in the imposition of an ille *1231 gal sentence as it was not authorized by law.” State v. Rome, 696 So.2d at 981.
Based on the foregoing discussion, we find that, in felony cases, LSA-C.Cr.P. art. 894.2(A) requires that all three conditions be met in order to place defendant in a home incarceration program. In the present case, there was no recommendation for home incarceration from either the Department of Public Safety and Corrections or the District Attorney. Therefore, the condition listed in subsection 2 of Article 894.2(A) was not met. Without this recommendation, the trial court was without authority to place defendant in a home incarceration program for the first forty-five days of his sentence, resulting in an illegal sentence.
Accordingly, for the reasons set forth herein, we vacate the portion of the sentence which placed defendant in a home incarceration program for the initial forty-five days of his sentence[4] and remand the matter for resentencing in compliance with the directives of LSA-R.S. 14:98(D) and LSA-C.Cr.P. art. 894.2.

VACATED AND REMANDED

. The transcript reflects that the trial court sentenced defendant to eighteen months. This reference in the transcript to a "187 month sentence” is clearly a typographical error.

. LSA-R.S. 14:98(D)(3)(c) states: "Offenders sentenced to home incarceration required under the provisions of this Section shall be subject to all other applicable provisions of Code of Criminal Procedure Article 894.2."

. The version of LSA-C.Cr.P. art. 894.2(A) after the 2009 legislative amendment is analogous to the earlier version of Article 894.2(A) which was discussed in State v. Rome, supra.

. In the instant case, the validity of the guilty plea was not contingent upon defendant being placed on home incarceration. At the time of the guilty plea, the judge warned defendant that his punishment could be declared illegal, which would mean his sentence could be vacated and he would have to be re-sentenced to "straight time” instead of placement in the home incarceration program. Defendant agreed to go forward with the guilty plea knowing this.