807 So.2d 956 (2002)
STATE of Louisiana
v.
Edward ANDERSON.
No. 01-KA-789.
Court of Appeal of Louisiana, Fifth Circuit.
January 15, 2002.
*957 Bruce G. Whittaker, New Orleans, LA, Attorney for Appellant, Edward Anderson.
Paul D. Connick, Jr., District Attorney, 24th Judicial District, Parish of Jefferson, State of Louisiana, Terry M. Boudreaux Appellate Counsel, Richard Pickens, II, Douglas Freese, Trial Counsels, Assistant *958 District Attorneys, Gretna, LA, Attorney for Appellee, State of Louisiana.
Panel composed of Judges EDWARD A. DUFRESNE, SOL GOTHARD and JAMES L. CANNELLA.
JAMES L. CANNELLA, Judge.
Defendant, Edward Anderson, appeals from his conviction of distribution of cocaine and his enhanced sentence, as a second felony offender, to 20 years imprisonment at hard labor, without benefit of probation or suspension of sentence. For the reasons which follow, we affirm and remand.
The Jefferson Parish Sheriffs Office (JPSO) received complaints regarding alleged drug activity in the Alex Kornman area of Jefferson Parish. In response, Deputy David Canas went undercover. On January 11, 2000, at approximately 2:46 p.m., Deputy Canas, equipped with a video camera, drove into the area and was signaled by the Defendant to drive his vehicle into an area where he could not exit easily and he refused. Deputy Canas told the Defendant to come to the driver's side of his vehicle. The Defendant stuck his head in the window and said to Deputy Canas, "I already picked up a sale charge. I don't want you to put me on display." The Defendant thereafter signaled to some friends to approach the undercover vehicle. Deputy Canas feared for his safety and drove off. The Defendant gave chase on his bike. Deputy Canas pulled his vehicle into a driveway. The Defendant approached, looked around, put his head in the window and said, "You don't have cameras in here." Using $20 in pre-recorded bills, Deputy Canas purchased a one-gram rock of what appeared to be cocaine from the Defendant. The transaction was recorded on videotape. Deputy Canas then drove from the area to a safe place where he delivered the evidence to the crime lab technician for testing. Deputy Canas, who had been in constant radio contact with his fellow officers, notified them of the drug purchase and the sellers description. The purchased substance tested positive for cocaine. The Defendant was arrested.
On October 12, 2000, the Defendant was charged in a bill of information with the January 11, 2000 distribution of cocaine, in violation of La. R.S. 40:967 A. On October 13, 2000, the Defendant was arraigned and entered a plea of not guilty. On April 24, 2001, the Defendant was tried before a 12 person jury. At trial, the parties stipulated that the substance purchased was cocaine. At trial, the State presented Deputy Canas as its sole witness and showed the jury the video. The defense presented Tori Lawson (Lawson), the Defendant's girlfriend, who testified that, on the date in question, she and the Defendant had met at her mother's house in Woodmere. Thereafter, they went to the hospital to visit her newborn niece.
The Defendant testified that he had prior convictions for distribution of cocaine, possession of heroin and theft of a vehicle. The Defendant admitted that he was the person on the video. However, he denied that he sold narcotics to the undercover officer. He said that he decided not to make the sale because he was "weary" (wary) that the purchaser could be a policeman and that he already had a "sale charge." He said that he left about 1:30 p.m. and went to his "mother-in-law's" house where he met his girlfriend.
Following trial, the jury found the Defendant guilty of distribution of cocaine. On May 14, 2001, the Defendant filed a motion for new trial and, alternatively, a motion in arrest of judgment, both of which were denied by the trial court. Then, the Defendant indicated that he was ready for sentencing and the trial court sentenced him to 20 years imprisonment at hard labor. Next, the State charged the *959 Defendant as a habitual offender under La. R.S. 15:529.1. The Defendant denied the allegations in the habitual offender bill of information and waived delays for hearing. Following a hearing, the trial court found the Defendant to be a second felony offender. The Defendant's sentence was vacated and the Defendant was sentenced as a second felony offender to 20 years imprisonment at hard labor without benefit of probation or suspension of sentence. The Defendant filed a motion for appeal that was granted by the trial court on May 14, 2001.
On appeal, Defendant's appellate counsel filed a brief pursuant to the procedure approved by the United States Supreme Court in Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). The Anders procedure used in Louisiana was discussed in State v. Benjamin, 573 So.2d 528, 529-530 (La.App. 4th Cir.1990), approved by the Louisiana Supreme Court in State ex rel. Hawkins v. Criminal Dist. Court, 92-3200 (La.11/30/93), 629 So.2d 421, adopted for use in this Circuit in State v. Bradford, 95-929 (La.App. 5th Cir.6/25/96), 676 So.2d 1108, 1110, and expanded by the Louisiana Supreme Court in State v. Jyles, 96-2669 (La.12/12/97), 704 So.2d 241, 242.
To comply with Jyles, appellate counsel not only must review the procedural history of the case and the evidence presented at trial, but also appellate counsel's brief must contain "a detailed and reviewable assessment for both the defendant and the appellate court of whether the appeal is worth pursuing in the first place." Jyles, 704 So.2d at 242 (quoting State v. Mouton, 95-0981 (La.4/28/95), 653 So.2d 1176, 1177).
When an Anders brief is filed, the appellate court reviews (1) the bill of information to insure that the defendant was properly charged, (2) all minute entries to insure that the defendant was present at all crucial stages of the proceedings, the jury composition, verdict, and the sentence, (3) all pleadings in the record, and (4) all transcripts to determine if any ruling provides an arguable basis for appeal. State v. Bradford, at 1110-1111. If, in its independent review, the appellate court finds a legal point arguable on the merits, it may either deny appellate counsel's motion to withdraw and order him to file a brief arguing the legal point or it may grant the motion to withdraw and appoint substitute appellate counsel. State v. Bradford, at 1110.
Defendant's appellate counsel has asserted that, after a detailed review of the record, he could find no non-frivolous issues to raise on appeal and he has filed a Motion to Withdraw as counsel, which states that he sent the Defendant a letter to inform him that an Anders brief had been filed and of his right to file a supplemental brief. In addition, this Court sent the Defendant a letter, by certified mail, informing him that an Anders brief had been filed and granting him until September 27, 2001 to file a supplemental brief. The Defendant has not filed a supplemental brief.
In his appellate brief, Defendant's counsel has discussed two issues, sufficiency of the evidence and excessiveness of sentence. He concludes that there is no non-frivolous issue to be raised on appeal. After an independent review of the record, we find that Defendant's counsel's conclusion is correct.
Concerning the sufficiency of the evidence, Defendant's appellate counsel addressed the question of whether the State had proven the element of identity. The Defendant was charged with the crime of distribution of cocaine. To prove distribution of cocaine, the State must show that the Defendant knowingly or intentionally distributed cocaine, a dangerous substance *960 classified in Schedule II. La. R.S. 40:967 A; State v. Alexander, 98-1377 (La.App. 4th Cir.2/16/00), 753 So.2d 933.
The standard for appellate review of the sufficiency of the evidence is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979). Encompassed in proving the elements of an offense is the necessity of proving the identity of the defendant as the perpetrator. When the key issue in the case is identification, the state is required to negate any reasonable probability of misidentification in order to carry its burden of proof. State v. Raines, 00-1941 (La.App. 5th Cir.5/30/01), 788 So.2d 635; State v. Zeno, 99-69 (La.App. 5th Cir.8/31/99), 742 So.2d 699. When faced with a conflict in testimony, the trier of fact is free to accept or reject, in whole or part, the testimony of any witness. State v. Ross, 00-27 (La.App. 5th Cir.5/17/00), 760 So.2d 1256, 1259. In the absence of internal contradiction or irreconcilable conflict with physical evidence, one witness's testimony, if believed by the trier of fact, is sufficient support for a requisite factual finding. State v. Stec, 99-633 (La.App. 5th Cir.11/30/99), 749 So.2d 784, 787.
In this case Deputy Canas testified that, on January 11, 2000 he conducted an undercover drug operation in the Alex Kornman area in Jefferson Parish. During the operation, he purchased a one-gram rock of what later tested positive for cocaine. Deputy Canas testified that the purchase was made from the Defendant and was recorded on camera. The Defendant admitted that he was the person seen on the tape, but denied that he sold cocaine to the undercover officer.
It is clear that when faced with a conflict in the testimony concerning the identity of the seller of the cocaine, the jury chose to believe Deputy Canas and not the Defendant. This is a credibility determination that will not be disturbed on appeal. Thus, based on the record and the appellate standard of review, we find that the State proved the essential elements of the offense, including identity, beyond a reasonable doubt.
Appellate counsel also discussed, but chose not to assign as error, the issue of excessive sentence. The record reveals that the Defendant was sentenced as a second felony offender to 20 years imprisonment at hard labor without benefit of probation or suspension of sentence. La. R.S. 15:529.1.
Under the Habitual Offender Statute, a conviction as a second felony offender shall carry a sentence of imprisonment "for a determinate term not less than one-half the longest term and not more than twice the longest prescribed for a first conviction." La. R.S. 15:529.1 A(2)(a).
Distribution of cocaine is punishable by imprisonment at hard labor for not less than five years nor more than 30 years, with the first five years being without benefit of parole, probation, or suspension of sentence[1]. Additionally, it may carry a fine of not more than $50,000. La. R.S. 40:967 B(4)(b).
As such, the Defendant, having been found to be a second-felony offender, was subject to imprisonment for 15 to 60 years at hard labor. The trial court sentenced the Defendant to 20 years imprisonment at hard labor, without benefit of probation or suspension of sentence.
*961 No objection was made to the sentence and no motion for reconsideration was filed by the Defendant. As such, the sentence would only be reviewable on appeal for constitutional excessiveness. State v. Mims, 619 So.2d 1059, 1059-1060 (La.1993).
The Eighth Amendment to the United States Constitution and Article I, Section 20 of the Louisiana Constitution prohibit the imposition of excessive punishment. A sentence is constitutionally excessive if it is grossly out of proportion to the seriousness of the offense or is nothing more than a purposeless and needless infliction of pain and suffering. State v. Lassere, 95-1009 (La.App. 5th Cir.10/1/96), 683 So.2d 812, 821, writ denied, 96-2655 (La.4/18/97), 692 So.2d 445. A sentence is grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. Id. The sentence imposed will not be set aside absent a showing of manifest abuse of the trial court's wide discretion to sentence within statutory limits. Id.
In this case, the trial judge found that the Defendant was a second felony offender and sentenced him to 20 years imprisonment without benefit of probation or suspension of sentence. The record also indicates that the Defendant admitted that he had prior convictions for distribution of cocaine, theft and simple possession of heroin. In view of the recidivist nature of the Defendant's conduct, we cannot conclude that the enhanced sentence of 20 years, which is at the low end of the possible sentencing range, is constitutionally excessive. Moreover, this Court has previously upheld such a sentence. State v. McIntyre, 97-876 (La.App. 5th Cir.1/27/98), 708 So.2d 1071, 1076, writ denied, 98-1032 (La.9/18/98), 724 So.2d 753.
Thus we find that, after an independent review of the record and of appellate counsel's brief, the Defendant's appellate counsel adequately reviewed the procedural history of the case and the evidence presented at trial, and provided "a detailed and reviewable assessment for both the defendant and the appellate court of whether the appeal is worth pursuing in the first place," as required by the Louisiana Supreme Court in Jyles. We find no non-frivolous issues that would arguably support an appeal.

ERROR PATENT DISCUSSION
The record was reviewed for errors patent, according to La.C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5th Cir.1990). The review reveals one error which does not require reversal of the conviction or sentence.
The trial judge failed to advise the Defendant of the time for filing of post conviction relief as mandated by La.C.Cr.P. art. 930.8. Since this is a fact of which the Defendant must be apprised, we will remand the case to the district court to so inform the Defendant by sending him appropriate written notice of the correct statement of the law within ten days of this Court's opinion and to file written proof in the record that the Defendant received the notice. State v. Bates, 96-9 (La.App. 5th Cir.4/16/98), 673 So.2d 1085; State v. McCorkle, 97-966 (La.App. 5th Cir.2/25/98), 708 So.2d 1212.
Based on the foregoing, we find that counsel has complied with Anders and is entitled to withdraw from the case. We grant his motion to withdraw.
Defendant's conviction for distribution of cocaine and his enhanced sentence of 20 years imprisonment at hard labor, without benefit of probation or suspension of sentence, are affirmed. The case is remanded to the trial court to provide proof in the record of the Defendant's receipt of appropriate *962 notice, under La.C.Cr.P. art. 930.8, of the prescriptive period for post conviction relief.
CONVICTION AND ENHANCED SENTENCE AFFIRMED; CASE REMANDED.
NOTES
[1] The sentencing provision for this offense was amended by Acts 2001, No. 403 § 4, eff. June 15, 2001, but is not applicable to this case.