900 So.2d 15 (2005)
STATE of Louisiana
v.
Taniel COLE.
No. 04-KA-615.
Court of Appeal of Louisiana, Fifth Circuit.
March 1, 2005.
*17 Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Cameron M. Mary, William C. Credo, III, Assistant District Attorneys, Gretna, Louisiana, for Plaintiff/Appellee.
Sherry A. Watters, Louisiana Appellate Project, Bureau of General Counsel, New Orleans, Louisiana, for Defendant/Appellant.
Taniel Cole, # 378015, Allen Correctional Center, Kinder, Louisiana, in Proper Person Defendant/Appellant.
Panel composed of Judges JAMES L. CANNELLA, THOMAS F. DALEY, and CLARENCE E. McMANUS.
JAMES L. CANNELLA, Judge.
The Defendant, Taniel Cole, appeals his conviction by guilty plea of armed robbery. We affirm and remand.
On January 23, 2002, the Defendant was charged with armed robbery, a violation of La.R.S. 14:64. He was arraigned and pled not guilty on February 15, 2002. He subsequently filed a motion to appoint a sanity *18 commission. On May 29, 2002, a hearing on the Defendant's competency was held, during which the parties entered into a stipulation that Dr. Rafael Richoux and Dr. Richard Salcedo are experts in the field of forensic psychology and that, if they were to testify, their testimony would be consistent with their reports. The trial judge accepted the stipulation and found the Defendant competent to stand trial.
On July 8, 2002, the trial judge heard a defense Motion to Suppress Confession, the Evidence and Identification. The Defendant withdrew the motion to suppress the identification since that was not an issue in the case. The trial judge held the other two motions open to allow the Defendant to obtain a witness relative to suppressing the evidence and for further investigation relative to suppressing the confession. The hearing was never concluded because the Defendant pled guilty on January 29, 2003.[1] The Defendant waived sentencing delays and the trial judge sentenced him to 20 years imprisonment at hard labor without benefit of parole, probation, or suspension of sentence. The sentence was ordered to be served concurrently with the sentence that the Defendant was serving at the time.
On January 16, 2004, the Defendant filed a pro se application for post-conviction relief and request for an evidentiary hearing raising three claims, a request for an out-of-time appeal, an allegation that he was not properly Boykinized[2] since the trial judge failed to inform him that he could not be compelled to testify against himself had he chosen to go to trial, and an assertion that defense counsel was ineffective in advising him to plead guilty. He specifically claimed that counsel was ineffective by advising him that his inculpatory statement could not be suppressed, even though, at the time the statement was procured, he had been ruled incompetent to stand trial.
On January 24, 2004, the trial judge granted the Defendant an out-of-time appeal.[3] The trial judge then denied the Defendant's second and third claims raised in the post-conviction relief application. The trial judge found that the Defendant had been advised of his right against self-incrimination prior to pleading guilty and that his defense counsel was well within the range of professional competence, noting that he had obtained a 20 year sentence for the Defendant under a plea bargain agreement when the Defendant could have received a 99 year sentence. Following the sentence, the Defendant filed a motion to amend the judgment to include an order appointing the Louisiana Appellate Project to handle his appeal. The trial court granted the Defendant's request, following which she issued another ruling on the Defendant's application for post-conviction relief. The trial judge again granted the Defendant an out-of-time appeal and denied his post-conviction claims. The Defendant's appeal was initially assigned to the November 2004 docket. The Defendant's appointed appellate counsel filed an Anders[4] brief, asserting *19 that the record presented no non-frivolous issues for appeal. Counsel also asserted that the ineffective assistance of counsel claim was not a proper issue for appeal and that the Defendant's claim that the trial judge failed to advise him of his privilege against self-incrimination had already been ruled on by the trial judge and would be most appropriately reviewed in an appeal of the trial judge's denial of post-conviction relief. Although she stated that her brief conformed to the Anders requirements for withdrawal, she did not specify the issues that she considered and rejected. Counsel stated that she discussed potential issues with the Defendant, but claimed that she was obligated by the attorney-client privilege and attorney-client loyalty not to disclose what she reviewed and why she rejected the issues as non-frivolous appealable issues. Counsel also filed a Motion to Withdraw in accordance with Anders.[5]
In reviewing the Defendant's case, we determined that the Defendant had properly sought and obtained reinstatement of his appeal rights through his application for post-conviction relief and because of the out of time appeal, the other post-conviction claims were premature, as the Defendant had not exhausted his appellate rights. We noted that appellate counsel was correct in her assertion that ineffective assistance of counsel claims are most appropriately raised in an application for post-conviction relief. However, they may also be raised by assignment of error on appeal. The trial court also pointed out that claims of a defective Boykin colloquy are also reviewable on appeal. Thus, we determined that counsel had not fulfilled the requirements of Anders and its progeny that she diligently review the entire appeal record and satisfy this Court that there are no non-frivolous errors to arguably support the appeal. On October 29, 2004, we issued an Order to defense counsel to supplement her brief and denied the motion to withdraw at that time.[6]
Counsel filed a supplemental brief and a Second Motion to Withdraw. Attached to counsel's motion is a copy of a second letter in which she informs the Defendant that she has filed a supplemental brief in this case and that he may file a pro se appellate brief. Counsel notes in the letter that she has enclosed a copy of her supplemental brief and her Second Motion to Withdraw. The Defendant subsequently filed a supplemental pro se brief assigning five errors.
Because the Defendant pled guilty under Alford, the only facts in the record were provided by the prosecutor as follows:
Your Honor, the State would prove that a victim working at an E-Z Serve restaurant on April 11th, 2001, had the Defendant come in and point a gun at him, take money from the register, wait while the time release button on the safe opened, and forced the victim to pump gas, and then took Crown Royal, lottery scratch off tickets, and cash from the victim. While doing so, and driving away, the license number of the car used by the Defendant in the armed robbery was copied down.
Approximately the next day or several dayssome, a few days later, at the max, that car was being driven again by the Defendant and seen by Sergeant *20 Kenneth Harris when it backed into a dumpster. Upon investigating, Sergeant Harris took the Defendant out of the car because there was a gun lying on the seat. The gun proved to be the same type of gun that was used in the armed robbery, as well as a loaded gun. The Defendant had no registration, no driver's license, and the steering column was defeated on the vehicle at the time the Defendant was seen driving it.
THE COURT:
All right.
MR. CREDO:
And the Defendant then eventually gave a full confession to the crime, as enunciated by the State, Your Honor.

MOTION TO WITHDRAW
In State v. Benjamin, 573 So.2d 528, 530 (La.App. 4th Cir.1990), the Fourth Circuit established the procedures to be followed when appellate counsel seeks to withdraw under Anders. Those were adopted by this Court in State v. Bradford, 95-929, pp. 3-4 (La.App. 5th Cir.6/25/96), 676 So.2d 1108, 1110,[7] and expanded by the Louisiana Supreme Court in State v. Jyles, 96-2669 at p. 3, 704 So.2d at 242. Anders, 386 U.S. at 744, 87 S.Ct. at 1400, provides that "if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw."
To comply with Jyles, appellate counsel must not only review the procedural history of the case and the evidence presented at trial. His brief must contain "a detailed and reviewable assessment for both the defendant and the appellate court of whether the appeal is worth pursuing in the first place." Jyles, 96-2669 at 3, 704 So.2d at 242 (quoting State v. Mouton, 95-0981, p. 2 (La.4/28/95), 653 So.2d 1176, 1177) (per curiam). A brief which simply states that there are no non-frivolous issues, without some discussion, and which only requests a review for errors patent, is ordinarily disallowed. State v. Singleton, 03-1307, p. 4 (La.App. 5th Cir.3/30/04), 871 So.2d 596, 598. If, after an independent *21 review, the appellate court finds a legal point that is arguable on the merits, it may either deny appellate counsel's motion to withdraw and order him to file a brief arguing that point, or it may grant the motion to withdraw and appoint substitute counsel. State v. Anderson, 01-789, p. 5 (La.App. 5th Cir.1/15/02), 807 So.2d 956, 959, writ denied, 02-0569 (La.1/24/03), 836 So.2d 42.
When an Anders brief is filed, the appellate court reviews (1) the bill of information, to insure that the defendant was properly charged; (2) all minute entries, to insure that the defendant was present at all crucial stages; (3) all pleadings in the record, and (4) all transcripts, to determine whether any ruling provides an arguable basis for appeal. Id.
Defendant's conviction resulted from a guilty plea. As counsel correctly points out, a defendant who pleads guilty normally waives all non-jurisdictional defects in the proceedings leading up to the guilty plea, and precludes review of such defects either by appeal or post-conviction relief. State v. Gaspard, 01-1042, p. 3 (La.App. 5th Cir.5/29/02), 820 So.2d 1095, 1096. Had the trial court denied any of Defendant's suppression motions, he might have reserved his right to appeal the trial court's ruling under the provisions of State v. Crosby, 338 So.2d 584 (La.1976). But the trial court did not rule on any of Defendant's motions. Therefore, there was no ruling from which Defendant might have taken a Crosby appeal.
The only pre-trial ruling found in the record is the trial court's finding that the Defendant was competent to stand trial. Since the Defendant's trial counsel stipulated to the sanity commission's findings, he is procedurally barred from appealing the trial court's competency ruling.[8]
Counsel asserts that, because the Defendant entered a guilty plea, the only appealable issue available to him is sentencing. Counsel maintains that "[t]he sentencing issues were discussed and briefed with the defendant-appellant in confidential communications. Appellate counsel, for reasons of confidentiality of attorney-client communications, declines to address those issues with the Court or disclose them in this brief." (Supplemental Brief, p. 4). Counsel further asserts that, "[t]he Boycanization [sic] issue was reviewed by counsel before submitting the original brief, and again, the sufficiency of the plea issue was discussed with the defendant-appellant in confidential communications that appellate counsel, for reasons of confidentiality of attorney-client communications, declines to address with the Court or disclose in this brief." (Supplemental Brief, p. 5).
Counsel's assertion that attorney-client privilege prohibits her from completing an Anders analysis of these issues is incorrect. Her duty is to provide this Court with an analysis that would allow us to determine that the Defendant's constitutional right to appeal counsel has not been violated. Contrary to her argument, the jurisprudence requires counsel to review the record and provide this Court with more than a statement that there are no non-frivolous issues for appeal. In Jyles, 96-2669 at pp. 2-3, 704 So.2d at 241, 242, the Louisiana Supreme Court explained the significant constitutional principles which underlie the requirements of Anders:
An Anders brief need not catalog tediously every meritless objection made at trial or by way of pre-trial *22 motions with a labored explanation of why the objections all lack merit. See Jones v. Barnes, 463 U.S. 745, 752-53, 103 S.Ct. 3308, 3313-14, 77 L.Ed.2d 987 (1983) ("There can hardly be any question about the importance of having the appellate advocate examine the record with a view to selecting the most promising issues for review.... [I]mpos[ing] on appointed counsel a duty to raise every `colorable' claim suggested by a client would disserve the very goal of vigorous and effective advocacy that underlies Anders"). Nevertheless, "[u]nlike the typical advocate's brief in a criminal appeal, which has as its sole purpose the persuasion of the court to grant relief," the Anders brief must "assure the court that the indigent defendant's constitutional rights have not been violated." McCoy, [v. Court of Appeals of Wisconsin], 486 U.S. [429] at 442, 108 S.Ct. [1895] at 1903[, 100 L.Ed.2d 440 (1988)]. Counsel must demonstrate to the appellate court by full discussion and analysis that he has cast an advocate's eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration. See United States v. Pippen, 115 F.3d 422, 426 (7th Cir.1997) (a brief which offers "no hint of a discussion of arguments that might be raised and why counsel believes them to be frivolous" does not comply with Anders and its progeny); United States v. Urena, 23 F.3d 707, 708-09 (2nd Cir.1994) ("A naked statement that no non-frivolous issues exist, without analysis or a discussion of the record, is inadequate to fulfill counsel's obligations under Anders"). Independent review of the record by the appellate court, or the opportunity of the defendant to file his own brief, while providing important and necessary safeguards, cannot substitute for the essential equal protection requirement that appointed counsel representing an indigent defendant "act in the role of an active advocate in behalf of his client, as opposed to that of amicus curiae." Anders v. California, 386 U.S. 738, 744, 87 S.Ct. 1396, 1400, 18 L.Ed.2d 493 (1967). [Emphasis added]
Nevertheless, our review indicates that there are no non-frivolous sentencing issues for appeal. The Defendant's guilty plea and sentence were part of a plea bargain. As pointed out by counsel, the Defendant cannot seek review of a sentence imposed in conformity with a plea agreement. La.C.Cr.P. art. 881.2(A) (2). Although counsel has failed to fully comply with this Court's order, she does indicate that she reviewed the plea proceedings and our review shows that the Defendant was properly informed of his right to a trial by judge or jury, his right to the presumption of innocence, his right to testify or not to testify and not have his silence held against him, his right to confront the witnesses against him, and his right to appeal a guilty verdict. The trial judge also advised the Defendant that he would receive a 20 year sentence if he pled guilty. The Defendant's plea was made knowingly and voluntarily, and presents no non-frivolous issues for appeal.[9]
Counsel next maintains that the ineffective assistance of counsel claim in the Defendant's application for post-conviction relief does not present any non-frivolous issues for appeal. Counsel *23 states that, "[w]ithout more particular complaints about trial counsel, it cannot even be determined whether this record provides sufficient evidence to evaluate the claim. Again, the `ineffective assistance of counsel' issues were discussed with the defendant-appellant in confidential communications." (Supplemental brief, p. 4). Counsel goes on to ask that a new attorney be appointed to assist defendant in a post-conviction proceeding, as "Louisiana Appellate Project does not represent clients in post-conviction proceedings in district court or on appeal, and takes no position as to Taniel Cole's post-conviction claim of `ineffective assistance of counsel', except to reaffirm the position that this appellate record is insufficient to consider the claim on appeal." (Supplemental brief, p. 5)
A review of the record shows that the Defendant might base an ineffective assistance claim on his trial counsel's failure to pursue a ruling on the Motion to Suppress Confession. The Defendant might also claim that his trial counsel was ineffective in stipulating to the sanity commission report rather than offering evidence in an attempt to prove that the Defendant was not competent to stand trial. However, as pointed out by counsel, the record does not provide a sufficient basis for a determination of ineffective assistance of counsel. The matter would be better resolved in a post-conviction relief proceeding, following an evidentiary hearing. The issue is further discussed under the Defendant's Pro Se Assignments of Error Numbers Three and Four, ante.
Counsel's compliance with our order is minimal at best. However, considering the entire record, we will grant her motion to withdraw, since this is a simple and clear-cut case of there being no non-frivolous issues for appeal.

PRO SE ASSIGNMENTS OF ERROR

1) Sentencing
The Defendant complains that the trial judge erred in accepting his guilty plea and imposing sentence before she had disposed of all of his suppression motions.
The hearings on the two motions were reset and continued eleven times. While they were pending, the Defendant pled guilty. As part of the Boykin colloquy, the trial judge explained to defendant:
If you plead guilty and this Court accepts your plea, you do not have the right to assert any allegations or defects such as A, an illegal arrest; B, an illegal search and seizure; C, an illegal confession; D, an illegal lineup; and E, the fact that the State might not be able to prove said charges, or that a jury would find you not guilty.
By pleading guilty, the Defendant waived any outstanding motions. State v. Anderson, 01-789 at p. 5, 807 So.2d at 959. The Defendant may only raise this issue in an ineffective assistance of counsel claim in an application for post-conviction relief. Thus, the trial court did not err in failing to rule on the Defendant's two remaining motions prior to sentencing.

2) Self-Incrimination
The Defendant complains that his guilty plea was not made knowingly and voluntarily because the trial judge failed to properly inform him of his right against self-incrimination.
A guilty plea is not valid unless the defendant voluntarily and intelligently relinquishes his known rights. Before accepting a guilty plea, the trial judge must make an "independent determination of whether the defendant's plea is made knowingly and intelligently through a colloquy wherein the defendant is questioned about his decision and the constitutional *24 rights he is waiving." State v. Montalban, 00-2739, p. 3 (La.2/26/02), 810 So.2d 1106, 1109, cert. denied, 537 U.S. 887, 123 S.Ct. 132, 154 L.Ed.2d 148 (2002). A valid guilty plea requires a showing that a defendant was informed of and waived his constitutionally guaranteed rights to a jury trial and confrontation, and his right against self-incrimination. Id.
In this case, the guilty plea transcript indicates that there was a thorough colloquy. In questioning the Defendant, the trial judge determined that the Defendant was 23 years old and had a tenth grade education. The trial judge confirmed that the Defendant's attorney had reviewed with him his rights to trial by jury and of confrontation, and his right against self-incrimination. The trial judge did not again specifically address the right against self-incrimination, but went on to explain the Defendant's right to an attorney at trial, his right to appointed counsel if he could not afford one, his right to confront his accusers and his right to an appeal. Throughout the Boykin colloquy, the trial judge asked the Defendant whether he understood what she was explaining to him. He consistently said that he did. At the conclusion of the Boykin colloquy, the trial judge asked the Defendant whether he had any questions about his rights. The Defendant stated that he did not have any questions, but he was satisfied with the explanations given by the trial judge and defense counsel.
The record also contains the Defendant's Acknowledgment of Constitutional Rights and Waiver of Rights on Entry of a Plea of Guilty. The form lists the Defendant's Boykin rights. Defendant wrote "yes" after each section, indicating that he understood his rights. He also signed the bottom of the form. The Defendant's attorney also signed the form, indicating that he had informed the Defendant of his rights, particularly the nature of the crime to which he was pleading guilty, the maximum sentence the court could impose, and the fact that the Defendant was waiving his rights to trial by jury or judge, to confront his accusers and against self-incrimination. Defense counsel stated that he informed the Defendant that he could only appeal jurisdictional defects and that the Defendant knowingly, willingly, intelligently and voluntarily entered the guilty plea, "knowing the consequences."
The record reflects that the Defendant was fully apprised of his rights and that he entered his guilty plea knowingly and voluntarily. We find no merit to this assignment of error.

3) Ineffective trial counsel
The Defendant contends that trial counsel was ineffective in advising him to plead guilty on the basis that the inculpatory statement could not be suppressed, even after the Defendant informed counsel that he was unaware of what he was doing at the time the statement was given and that he had been ruled insane at the time that the officers procured the statement. The Defendant argues that counsel should have pursued the suppression of his confession, because it was not made knowingly and voluntarily.
A defendant is entitled to effective assistance of counsel under the Sixth Amendment to the United States Constitution and Article I, § 13 of the Louisiana Constitution of 1974. In assessing a claim of ineffective assistance of counsel, a two-pronged test is employed. The Defendant must show that (1) his attorney's performance was deficient, and (2) the deficiency prejudiced him. Strickland v. Washington, 466 U.S. 668, 686, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); State v. LaCaze, 99-0584, p. 20 (La.1/25/02), 824 So.2d 1063, 1078, cert. denied, 537 U.S. 865, 123 *25 S.Ct. 263, 154 L.Ed.2d 110 (2002). In order to show prejudice, the defendant must show that, but for his counsel's unprofessional conduct, the outcome of the trial would have been different. Strickland v. Washington, 466 U.S. at 693, 104 S.Ct. at 2068.
The Sixth Amendment does not guarantee `errorless counsel [or] counsel judged ineffective by hindsight,' but counsel reasonably likely to render effective assistance. LaCaze, 99-0584 at 20, 824 So.2d at 1078. Claims of ineffective assistance are to be assessed on the facts of the particular case as seen from counsel's perspective at the time. LaCaze, 99-0584 at 20, 824 So.2d at 1078-1079. Consequently, there is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Id.
A claim for ineffective assistance of counsel is most appropriately addressed through an application for post-conviction relief filed in the trial court, where a full evidentiary hearing can be conducted, rather than on direct appeal. State v. Washington, 03-1135, p. 15 (La.App. 5th Cir.1/27/04), 866 So.2d 973, 983. But, when the record contains sufficient evidence to rule on the merits of the claim and the issue is properly raised by assignment of error on appeal, it may be addressed in the interest of judicial economy. State v. Deruise, 98-0541, p. 34 (La.4/3/01), 802 So.2d 1224, 1247, cert. denied, 534 U.S. 926, 122 S.Ct. 283, 151 L.Ed.2d 208 (2001).
The Defendant asserts that he informed counsel that around the time he made the statement to police regarding the instant offense, a court in Orleans Parish had found him incompetent to stand trial. The Defendant asserts that counsel was deficient in advising him to plead guilty on grounds that his confession would not be suppressed when his mental incapacity at the time of the confession was likely a basis for suppression.
The record on appeal is not sufficient to allow this Court to address the merits of the Defendant's claim. His argument should be raised in an application for post-conviction relief and an evidentiary hearing held to determine the matter. Thus, we will remand for an evidentiary hearing on this issue.

4) Ineffective counselstipulation to sanity
The Defendant complains that his trial counsel was deficient in stipulating to the sanity commission's findings instead of calling expert witnesses to testify regarding the Defendant's history of mental illness.
Generally, a person who suffers from a mental disease or defect, which makes him incapable of understanding the proceedings against him, of consulting with counsel, and of assisting in preparing and conducting his defense, may not be subjected to trial. La.C.Cr.P. arts. 641-649.1; State v. Howard, 98-0064, p. 3 (La.4/23/99), 751 So.2d 783, 791, cert. denied, 528 U.S. 974, 120 S.Ct. 420, 145 L.Ed.2d 328 (1999). The defendant bears the burden of proving, by a preponderance of the evidence, his incapacity to stand trial. Howard, 98-0064 at pp. 3-4, 751 So.2d at 791-792.
In his motion to appoint a sanity commission to determine the Defendant's competency to stand trial, the Defendant's trial counsel alleged the following:
1) Mr. Cole has a history of mental illness.
2) Mr. Cole has previously been found incompetent to proceed in an unrelated case in Division "A" of the Criminal District Court for the Parish of Orleans.

*26 3) Undersigned counsel met with Mr. Cole on the 8th day of April, 2002 and attempted to discuss the facts and circumstances surrounding the above-captioned matter. Mr. Cole did not appear to understand the nature of the charges against him and the facts surrounding his arrest.
On May 29, 2002, defense counsel entered into a stipulation with the State that, if the doctors were to testify, their testimony would be consistent with their written reports. Neither the State nor the Defendant called any witnesses to testify on the issue of competency. Upon accepting the parties' stipulation, the trial judge found the Defendant competent to proceed to trial.
The record on appeal is not sufficient to allow for the consideration of this issue on appeal. Thus, we remand for an evidentiary hearing on this issue regarding counsel's strategy at the competency hearing.

5) Ineffective appellate counselAnders brief
The Defendant claims that his appellate counsel was deficient in failing to assign any errors, particularly as to the claims of ineffective assistance of trial counsel and the trial judge's failure to properly Boykinize him. He argues that, if appellate counsel had not filed an Anders brief, his conviction and sentence would be reversed.
Even if appellate counsel's performance has been deficient, the Defendant has not been prejudiced as a result. As discussed above, our review fails to disclose any non-frivolous appealable issues. The issues that the Defendant raises either cannot be addressed on appeal or have no merit. We find no merit to this allegation.[10]
Because the trial judge prematurely acted on the Defendant's application for post-conviction relief, we remand for an evidentiary hearing and reconsideration of the application. Furthermore, the trial judge is ordered to appoint new counsel to represent the Defendant in his post-conviction relief proceedings.
Accordingly, the Defendant's conviction and sentence are hereby affirmed. We remand for an evidentiary hearing and reconsideration of the application for post-conviction relief and order the trial judge to appoint new counsel to represent the Defendant in his post-conviction relief proceedings.
AFFIRMED AND REMANDED WITH ORDER.
NOTES
[1] The Defendant pled guilty pursuant to North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).
[2] Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).
[3] See: State v. Counterman, 475 So.2d 336 (La.1985).
[4] Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), reh'g denied, 388 U.S. 924, 87 S.Ct. 2094, 18 L.Ed.2d 1377 (1967), discussed in State v. Benjamin, 573 So.2d 528 (La.App. 4th Cir.1990), and adopted in State v. Bradford, 95-929, 95-930 (La.App. 5th Cir.6/25/96), 676 So.2d 1108. See also, State v. Jyles, 96-2669 (La. 12/12/97), 704 So.2d 241 (per curiam).
[5] In a certified letter dated June 6, 2004, this Court's Clerk of Court informed the Defendant that his attorney had filed a brief on his behalf and that he could file a supplemental brief if he wished to do so.
[6] The case was reset on the January 2005 docket.
[7] Quoting Benjamin, 573 So.2d at 530, this Court set out the following requirements:

1. A court-appointed appellate attorney may file a motion to withdraw if the attorney, after a conscientious and thorough review of the trial court record, determines that the appeal is wholly frivolous. One copy of the motion, prepared for the signature of three judges, should be filed.
2. The appellant's brief should accompany the motion to withdraw. The brief shall comply with Rule 2-12, Uniform Rules, Courts of Appeal, and should include a thorough review of the procedural history of the case, a review of the facts of the case, a reference to anything in the record that might arguably support the appeal or a statement negating the presence of such, and a statement, either in the motion to withdraw or the appellant's brief, that counsel, after a conscientious and thorough review of the trial court record, can find no non-frivolous issues to raise on appeal and no ruling of the trial court which arguably supports the appeal.
3. Counsel shall attach to the appellant's brief proof that a copy of the motion and the brief were forwarded to the appellant, with a notation whether the appellant has/has not received a copy of the trial court record and/or trial transcript. Counsel shall inform the appellant that he or she may file a supplemental brief in his or her own behalf.
4. After receiving the brief and motion, this Court shall notify the appellant that he or she should inform the court in writing within thirty days if he or she intends to file a brief.
5. If the Court finds, after an independent review of the record, that the appeal is wholly frivolous, it may grant the motion and affirm the conviction or trial court judgment. If the Court finds any legal point arguable on the merits, it may either deny the motion and order the court-appointed attorney to file a brief arguing the legal point(s) identified by the Court, or grant the motion and appoint substitute appellant counsel.
[8] See Pro Se Assignment of Error Number Four, ante.
[9] See Pro Se Assignment of Error Number Two, ante.
[10] The record was reviewed for patent errors, according to La.C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Perrilloux, 99-1314 (La.App. 5th Cir.5/17/00), 762 So.2d 198 and none were found.