968 So.2d 909 (2007)
STATE of Louisiana, Appellee
v.
Lee Roy WARREN, Appellant.
No. 42,699-KA.
Court of Appeal of Louisiana, Second Circuit.
October 24, 2007.
*910 Edward K. Bauman, Louisiana Appellate Project, Lake Charles, for Appellant.
Jerry L. Jones, District Attorney, Geary S. Aycock, Assistant District Attorney, for Appellee.
Before BROWN, CARAWAY, and PEATROSS, JJ.
BROWN, C.J.
Defendant, Lee Roy Warren, pled guilty to attempted second degree murder and armed robbery. He was sentenced to 50 years at hard labor without benefit of parole on the attempted murder charge and 65 years at hard labor without benefit of parole on the armed robbery charge. The sentences were ordered to be served consecutively. Defendant has appealed, asserting that his guilty plea should be set aside because the trial court failed to apprise him of the minimum and maximum sentences and/or that his sentences would be without benefit of parole, probation, or suspension. We affirm.

Facts
The Ouachita Parish Grand Jury indicted defendant and three others on charges of aggravated kidnaping, attempted second degree murder, and armed robbery. In exchange for the state's dismissal of the aggravated kidnaping charge, an unrelated drug charge, and some unrelated misdemeanor charges, defendant pled guilty to attempted second degree murder and armed robbery. The state agreed not to file a habitual offender bill of information against defendant; however; the PSI reveals that at the time of the instant offenses defendant was a first felony offender. A pre-sentence investigation was ordered.
At around 10:00 p.m. on January 17, 2002, defendant and his three co-defendants were standing in the parking lot of a pool hall on Montgomery Street in West Monroe. They decided to rob the next car that passed. Misty Barlow, a 22-year-old, who worked for Johnny's Pizza, was delivering pizza to a home across the street. Defendant walked up to Misty and, armed with a gun, forced her into the back seat of her car. He threatened to shoot her when she had difficulty getting into the back seat because she had a prosthetic *911 leg. The other three got into the car, and they drove off. One of the men threw a baby seat out of the victim's car. When the victim begged for her life and told them she had a baby at home, one of the men stated that they would have killed her baby had she been in the car. As the men rode around, defendant held a gun on the victim and the four discussed what to do with the victim. Someone came up with the idea to kill her so she couldn't identify them, and the others agreed. When the car stopped and the victim got out, she tried to run, but fell into a ditch when defendant shot her in the shoulder. Defendant fired at the victim a second time while she lay on the ground. Defendant checked the victim to insure that she was dead. The victim laid still and pretended to be dead, and the men left. Following an investigation, law enforcement officers arrested the four perpetrators. Defendant confessed to his participation, including shooting the victim.
Defendant and two of his co-defendants entered guilty pleas. The final co-defendant, Solomon Moore, went to trial and was convicted of second degree kidnaping, attempted second degree murder, and armed robbery. See State v. Moore, 37,935 (La.App.2d Cir.01/28/04), 865 So.2d 227, writ denied, 04-0507 (La.07/02/04), 877 So.2d 142.
At the Boykin hearing, the trial court determined that defendant was 19 years old (18 at the time of the offense) and that it was his intent to plead guilty to attempted second degree murder and armed robbery. The trial court explained to defendant his rights against self-incrimination, to a jury trial, to confrontation, and to present evidence on his own behalf. The trial court further explained that by pleading guilty defendant was giving up his right to appeal the conviction and his right of compulsory process. Throughout all of this, defendant repeatedly indicated that he understood and still wanted to plead guilty.
During the colloquy, the trial court asked defendant about whether his retained counsel had explained to him the nature and consequences of pleading guilty to attempted second degree murder and armed robbery. Defendant agreed that his attorney had explained the nature and consequences of the charges and guilty pleas.
The trial court was assured by defendant that no one had threatened him or otherwise coerced him into pleading guilty, that defendant had completed the 11th grade, and that he could read and write the English language. The trial court then accepted defendant's guilty plea.
After ordering a pre-sentence investigation, the trial court sentenced defendant to 50 years at hard labor without benefit of parole for the attempted murder charge and 65 years at hard labor without benefit of parole for the armed robbery charge. The sentences were ordered to be served consecutively. Defendant's sole assignment of error on appeal is that his guilty plea was not intelligently, knowingly, and voluntarily entered because the trial court failed to inform him of the mandatory minimum and maximum sentences for the offenses to which he pled guilty and that the sentences would be served without benefit of parole, probation, or suspension of sentence.

Discussion
The Louisiana Supreme Court adopted the federal constitutional standards set out in Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), which requires that a guilty plea be recorded and show that defendant was informed of and waived three specific federal constitutional rights. These rights are the privilege against compulsory self-incrimination, the *912 right to trial by jury, and the right to confront one's accusers. State v. Guzman, 99-1753 (La.05/16/00), 769 So.2d 1158, 1163, fn. 4, citing State ex rel. Jackson v. Henderson, 255 So.2d 85, 260 La. 90 (1971). The Louisiana Supreme Court has reiterated that advice on sentencing is not part of the core Boykin constitutional requirements. See State v. Guzman, supra; State v. Anderson, 98-2977 (La.03/19/99), 732 So.2d 517; State v. Nuccio, 454 So.2d 93 (La.1984).
For guilty pleas entered after August 15, 1997, La. C. Cr. P. art. 556.1 indicates that the trial court, prior to accepting a plea of guilty, should inform the defendant, inter alia, of the nature of the charge(s) to which the plea is offered and the minimum and maximum penalties provided by law. However, that article further provides that any variance from the specified procedure that does not affect substantial rights of the accused shall not invalidate the plea. La. C. Cr. P. art. 556.1(E); State v. Honeycutt, 41,601 (La.App.2d Cir.02/28/07), 953 So.2d 914; State v. Goins, 40,364 (La.App.2d Cir.01/25/06), 920 So.2d 375, writ denied, 06-1097 (La.11/09/06), 941 So.2d 38.
We have reviewed the guilty plea colloquy. Retained counsel represented defendant at the guilty plea proceeding. Defendant stated that he had consulted with his attorney about the nature and consequences of the charges and the nature and consequences of his guilty pleas. He also stated that his attorney had explained to him that a pre-sentence investigation report would be ordered and that he would be sentenced at a later date. In open court, the trial court thoroughly advised defendant of his constitutional rights per Boykin and determined that defendant knowingly and voluntarily waived these rights. Throughout the plea colloquy, defendant indicated his willingness to plead guilty.
Under the facts and circumstances of this case, we do not find that defendant's guilty pleas should be invalidated. Defendant acknowledged that he had consulted with his attorney as to the nature and consequences of the charges and his guilty pleas prior to the guilty plea hearing. Furthermore, by pleading guilty, defendant avoided additional sentencing exposure through dismissal of the most serious charge, aggravated kidnaping, which carries a mandatory sentence of life imprisonment at hard labor without benefit (La. R.S. 14:44), and the dismissal of other unrelated charges. Additionally, there was overwhelming evidence of defendant's guilt and participation as the trigger-man, including the victim's testimony and defendant's confession. In light of the above, the trial court's failure to inform defendant of the mandatory minimum and maximum penalties for the offenses does not appear to have been a material factor impacting defendant's decision to plead guilty, and his substantial rights were not affected. Accordingly, we will not vacate defendant's guilty plea.

Conclusion
For the reasons set forth above, defendant's convictions and sentences are AFFIRMED.