EDWARD A. DUFRESNE, JR., Chief Judge.
1 ¡¡On January 30, 2007, the Jefferson Parish District Attorney filed a bill of information charging defendant, Donald Jones, with issuing a worthless check to Acoustical Ceiling Supply in the amount of $18,697.66, in violation of LSA-R.S. 14:71. At the arraignment, defendant pled not guilty. However, on June 23, 2008, defendant withdrew his original plea of not guilty and pled guilty as charged. On that same date, the trial judge sentenced defendant to imprisonment at hard labor for two years, suspended the sentence, and placed him on active probation for four years. The trial judge also ordered defendant to comply with general and special conditions of probation, including payment of restitution to the victim in the amount of $18,697.66 and District Attorney’s fees in the amount of $3,739.53. Defendant now appeals.
In his sole assignment of error, defendant challenges the validity of his guilty plea. He asserts that the trial judge erred in accepting the plea as knowing and voluntary when the judge failed to explain the right against self-incrimination before asking defendant to plead guilty and confess judgment. Defendant claims that his guilty plea should be set aside because the trial judge mentioned his right against self-incrimination only once and did not explain it to him. Alternatively, defendant contends that this matter should be remanded for an evidentiary hearing. The State responds that defendant was informed of his right against selfjinerimina-tion3 and knowingly and voluntarily waived that right, and therefore, his guilty plea should not be set aside.
A guilty plea is not considered valid unless it is freely and voluntarily made. Under Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), the decision to plead guilty will not be considered voluntary unless, at the very least, the defendant has been advised of his constitutional rights against self-incrimination, to a trial by jury, and to confront his accusers. State v. Lemon, 05-567 (La.App. 5 Cir. 2/14/06), 923 So.2d 794, 799. There also must be an express and knowing waiver of those rights, State ex rel. Jackson v. Henderson, 260 La. 90, 255 So.2d 85 (1971), and the waiver must be on the record, which must unequivocally show *895 that the waiver was free and voluntary. State v. Ursin, 98-435 (La.App. 5 Cir. 10/28/98), 720 So.2d 1248, 1249. While it is preferable for the trial judge to conduct a colloquy to ascertain the validity of the plea, such a colloquy may not be indispensable, as long as the record contains some other affirmative showing to support the plea. State v. Halsell, 403 So.2d 688 (La.1981); State v. Hebert, 02-884 (La.App. 5 Cir. 12/30/02), 838 So.2d 30, 32.
Having reviewed the entire record, we find that defendant knowingly and voluntarily waived his constitutional rights, including his right against self-incrimination, prior to defendant’s entry and the court’s acceptance of his guilty plea. After defendant entered his guilty plea, the trial judge began his colloquy with defendant as follows:
Court: Okay. Mr. Jones, in this matter, your attorney has indicated to me that he has advised you of your rights (1) to a trial by jury, (2) to confront your accusers, and (3) against self-incrimination, and that by entering your plea of guilty you are waiving or giving up these rights. He has also indicated to me that you have advised him that you understand these things, is that correct?
Defendant: Yes, sir.
|4The trial judge then inquired as to defendant’s age and educational background, and explained to him the nature of the charge, the maximum sentence that could be imposed, and the actual sentence that would be imposed if his plea was accepted. The judge further informed defendant that he had the right to trial by jury, the right to hire an attorney of his choice, and that if he could not afford an attorney, one would be appointed for him. The judge also advised defendant of his right to confront his accusers and to compel testimony on his behalf and his right to an appeal. The judge told defendant that if the court accepted his plea, he did not have the right to assert any allegations or defects, such as an illegal arrest, an illegal search and seizure, an illegal confession, or an illegal lineup. He went on to advise defendant that he had the right to waive any trial by jury and be tried by the court alone. Throughout the colloquy, the trial judge asked defendant if he understood that by pleading guilty, he was waiving all these rights, and defendant answered affirmatively. During the colloquy, the trial judge also informed defendant that no one could force him to plead guilty, and in response to questioning, defendant affirmed to the trial judge that no one had forced, threatened, or coerced him into pleading guilty.
Towards the end of the colloquy and prior to accepting defendant’s guilty plea, the trial judge questioned defendant and his attorney about the waiver of rights form. Defendant’s attorney affirmed to the trial judge that he read and signed the form. Defendant also affirmed, in open court, that he read and signed the form, and that he initialed all the paragraphs of the form. After this thorough colloquy, the trial judge accepted defendant’s plea based upon his satisfaction that defendant understood his rights and the consequences of his guilty plea.
| ¿Additionally, the record contains “Defendant’s Acknowledgement of Constitutional Rights and Waiver of Rights on Entry of a Plea of Guilty” form. Defendant initialed each section of the form, including the introductory paragraph which acknowledges that his attorney advised him of his constitutional rights against self-incrimination, to a trial by jury, and to confront his accusers. In addition, defendant signed the form acknowledging that he was advised of his rights, that he was satisfied with the explanation *896 of those rights, and that his act of pleading guilty was a knowing, intelligent, free, and voluntary act on his part. Defendant’s attorney also signed the form attesting that he informed defendant of his rights and was satisfied that defendant knowingly, willingly, intelligently, and voluntarily entered his plea, knowing the consequences.
Based on the foregoing, we find that defendant’s plea colloquy along with the well-executed waiver of rights form constitutes a sufficient affirmative showing that defendant knowingly waived his privilege against self-incrimination. See State v. Cole, 04-615 (La.App. 5 Cir. 3/1/05), 900 So.2d 15, 24 and State v. Hebert, 838 So.2d at 34, where this court, under similar circumstances, found that the defendants were fully apprised of their rights and entered their guilty pleas knowingly and voluntarily.
We have also reviewed the record for errors patent, according to LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); and State v. Wetland, 556 So.2d 175 (La.App. 5 Cir.1990). Our review reveals that the commitment does not reflect the specific payment schedule for restitution. The trial judge signed an order setting restitution as follows: “1) Accoustical Ceiling Supply be paid 37 payments of $500.00 and one final payment of $197.66; and 2) Jefferson Parish DA’s office be paid 7 payments of $500.00 and one final payment of $239.53.” To avoid any confusion regarding payment of restitution, we remand the matter for correction of the commitment to reflect the specific payment schedule.
Accordingly, we hereby affirm defendant’s conviction and sentence and remand the matter for correction of the commitment.

CONVICTION AND SENTENCE AFFIRMED.