JUDE G. GRAVOIS, Judge.
 

 | pAfter pleading guilty to distribution of cocaine, defendant, Theresa Shelton, filed a
 
 pro se
 
 motion for an out-of-time appeal. The motion was granted by the trial court and appellate counsel was appointed. For the following reasons, we affirm defendant’s conviction and sentence.
 

 ASSIGNMENTS OF ERROR 1 & 2— WAIVER OF RIGHTS
 

 On appeal, in her first two assignments of error, defendant argues that, before accepting her guilty plea, the trial court failed to conduct a proper Boykin
 
 [1]
 
 colloquy and failed to ascertain that she was making a knowing, intelligent, and voluntary waiver of her rights.
 

 The State responds that the record reflects defendant understood her rights as explained to her by the court, and that she validly waived her rights.
 

 |SA guilty plea is not considered valid unless it is freely and voluntarily made. Under
 
 Boykin v. Alabama, supra,
 
 the decision to plead guilty will not be considered voluntary unless the defendant has been advised of his constitutional rights against self-incrimination, to a trial by jury, and to confront his accusers.
 
 State v. Lemon,
 
 05-567, p. 9 (La.App. 5 Cir.
 
 2/14/06), 923
 
 So.2d 794, 799. The defendant’s waiver of these rights must be expressly and knowingly made.
 
 State v. Williams,
 
 384 So.2d 779, 780 (La.1980). This waiver must be on the record, and the record must unequivocally show that the waiver was free and voluntary.
 
 State v. Ursin,
 
 98-435, p. 3 (La.App. 5 Cir. 10/28/98), 720 So.2d 1248, 1249. The Louisiana Supreme Court has consistently stated that the knowing and intelligent nature of a defendant’s waiver of rights “ ‘depends upon the circumstances of each case.’ ”
 
 State v. Filer,
 
 00-0073 (La.6/30/00), 762 So.2d 1080 (per curiam), quoting
 
 State v. Strain,
 
 585 So.2d 540, 544 n. 7 (La.1991).
 

 In the case at bar, the transcript indicates that at the beginning of the proceedings, the trial judge questioned defendant regarding her age and years of schooling. Defendant responded that she was 47 years old and had completed the eleventh grade. The judge then explained the three
 
 Boykin
 
 rights: the right to a jury trial, the right of confrontation, and the privilege against self-incrimination. The judge then asked defendant if that was her signature on the “Waiver of Constitutional Rights/Plea of Guilty (Felony)” form. Defendant answered affirmatively. He then asked the defense attorney if she had signed the form, to which the attorney responded affirmatively. The judge then stated, “This plea is accepted by the Court as having been knowingly, intelligently,
 
 *603
 
 freely, and voluntarily made by the defendant.”
 

 The appellate record contains the aforementioned waiver of rights form. The introductory paragraph states that defendant’s attorney advised her of her | .(Constitutional rights relative to her guilty plea. Defendant initialed the portion of the form advising her of her rights against self-incrimination, to a trial by jury, and to confront her accusers. Defendant also signed the bottom of the form, acknowledging that she was advised of her rights, that she was satisfied with the way her attorney and the court handled her case, that she had not been forced, coerced or threatened to enter the guilty plea, and that she understood all of the possible legal consequences of pleading guilty.
 

 Although the judge did not explicitly ask defendant at that point whether she understood her rights and wished to waive them, defendant indicated, by signing the waiver of rights form, that she understood her rights, and that she wished to waive them and enter a guilty plea. Further, the record indicates that defendant and her attorney did not make any objections to the guilty plea, nor did defendant ask the judge any questions or inform him that she did not understand the consequences of her guilty plea.
 

 In
 
 State v. Cole,
 
 04-615 (La.App. 5 Cir. 3/1/05), 900 So.2d 15, a case similar to this one, the defendant complained on appeal that his guilty plea was not knowingly and voluntarily made because the trial judge failed to properly inform him of his right against self-incrimination. In that case, this Court found that the guilty plea colloquy was thorough, since the trial judge ascertained that defendant’s attorney had reviewed with him his rights to trial by jury and of confrontation, and his privilege against self-incrimination.
 
 Cole,
 
 04-615 at 12, 900 So.2d at 24. The trial judge did not specifically address the right against self-incrimination again, but instead went on to explain other rights to the defendant. This Court also noted that the defendant indicated on the waiver of rights form that he. was advised of and understood his
 
 Boy-kin
 
 rights. This Court concluded | ^defendant was fully apprised of his rights and entered his guilty plea knowingly and voluntarily.
 
 Id.,
 
 04-615 at 13, 900 So.2d at 24.
 

 The defendant
 
 in State v. Jones,
 
 08-1158 (La.App. 5 Cir. 2/25/09), 9 So.3d 893, also argued that his guilty plea was not knowing and voluntary because the trial court failed to properly advise him of his right against self-incrimination. During the guilty plea colloquy, the judge, referring to the guilty plea form, commented that Jones’s attorney had indicated that he had informed the defendant of his right to trial by jury, his right of confrontation, and his privilege against self-incrimination.
 
 Jones,
 
 08-1158 at 3, 9 So.3d at 895. The judge then went on to explain to Jones his rights to a jury trial and of confrontation, but the judge did not again mention the defendant’s privilege against self-incrimination.
 
 Id.,
 
 08-1158 at 4, 9 So.3d at 895. Towards the end of the colloquy and prior to accepting Jones’s guilty plea, the judge questioned the defendant and his attorney about the waiver of rights form. The defendant’s attorney affirmed to the trial judge that he read and signed the form. The defendant also affirmed, in open court, that he read and signed the form, and that he initialed all the paragraphs of the form. After this colloquy, the trial judge accepted the defendant’s plea based upon his satisfaction that defendant understood his rights and the- consequences of his guilty plea.
 
 Id.
 

 This Court noted that the defendant in
 
 Jones
 
 initialed each section- of the guilty plea form, including the introductory para
 
 *604
 
 graph, by which he acknowledged that his attorney advised him of his constitutional rights against self-incrimination, to a trial by jury, and to confront his accusers. Additionally, the defendant signed the form acknowledging he was advised of his rights, he was satisfied with the explanation of those rights, and his act of pleading guilty was a knowing, intelligent, free, and voluntary act on his part. The defendant’s attorney also signed the form attesting that he informed the defendant of his rights and was 1 (¡satisfied that defendant knowingly, willingly, intelligently, and voluntarily entered his plea.
 
 Id.,
 
 08-1158 at 5, 9 So.3d at 895-96.
 

 Likewise, in the ease at bar, the record indicates that the trial judge properly informed defendant of her rights, that defendant signed a waiver of rights form indicating that she understood her rights and knowingly waived these rights, and that these rights were explained to her by her attorney: The record indicates that neither defendant nor her attorney objected to the guilty plea. While defendant in this case did not explicitly state to the trial judge that she understood her rights and willingly waived them, the plea colloquy along with the well-executed waiver of rights form affirmatively shows that defendant entered a knowing, intelligent, and voluntary waiver of her rights after which the trial judge accepted her guilty plea. Accordingly, we find defendant’s argument that the trial court failed to conduct a proper
 
 Boykin
 
 colloquy and failed to ascertain that she was making a knowing, intelligent, and voluntary waiver of her rights before accepting her guilty plea to be without merit.
 

 ASSIGNMENT S OF ERROR 3 & 4— SENTENCE ISSUES
 

 In her final assignments of error, defendant argues that the trial court erred by promising, as part of the plea agreement, to impose a sentence which is illegally lenient, and that the guilty plea was not knowingly, voluntarily, or intelligently entered because it was made pursuant to an agreement that a certain sentence would be imposed and that sentence is not available under the applicable statute. Defendant contends that she should be allowed to withdraw her guilty plea because she was unaware prior to entering her plea that the law requires the first two years of her sentence be served without benefit of parole, probation, or suspension of sentence.
 

 The State responds that defendant was aware of the statutory restrictions prior to entering her guilty plea since they were indicated on the guilty plea form. The State points out that the plea was favorable to defendant because had she gone to trial and been found guilty, she could have received a sentence of up to 80 years. Additionally, the State could have pursued a habitual offender bill against defendant.
 

 Once a defendant has been sentenced, only those guilty pleas which are constitutionally infirm may be withdrawn; this may only be accomplished through an appeal or post-conviction relief.
 
 State v. McCoil,
 
 05-658, p. 7 (La.App. 5 Cir. 2/27/06), 924 So.2d 1120, 1124. A guilty plea is constitutionally infirm when it is not entered freely and voluntarily, if the
 
 Boykin
 
 colloquy was inadequate, or when a defendant is induced to enter the plea by a plea bargain and that bargain is not kept.
 
 Id.
 
 Defendant did not file a motion to withdraw her guilty plea in the district court. However, even if a defendant has not filed a motion to withdraw his guilty plea, he is not prohibited from challenging a constitutionally infirm guilty plea either by means of appeal or post-conviction relief.
 
 State v. McCoil, supra.
 

 At the time of the charged offense, the sentencing range for distribution of co
 
 *605
 
 caine was not less than two years nor more than 30 years, with the first two years of the sentence being without benefit of parole, probation, or suspension of sentence. LSA-R.S. 40:967 B(4)(b). During the
 
 Boykin
 
 colloquy, the judge asked defendant, “Do you understand that your sentence in this case will be seven years at hard labor, and the State has agreed not to file a multiple bill against you?” Defendant responded, “Yes, sir.” The waiver of rights form provided that the maximum sentence for defendant’s offense was “30 years — first 2 years without benefits,” and that the agreed upon sentence was “7 years — State will not multiple bill — concurrent”.
 

 In sentencing defendant, the judge stated, “It is the sentence of this Court that you serve seven years at hard labor, and that you be given credit for all time served.” Although the court did not explicitly order that the first two years of defendant’s sentence be served without benefit of parole, probation, or suspension of sentence, the statutory restrictions are self-operating under LSA-R.S. 15:301.1.
 
 State v. Moses,
 
 05-787, p. 22 (La.App. 5 Cir. 5/9/06), 932 So.2d 701, 715,
 
 writ denied,
 
 06-2171 (La.4/5/07), 954 So.2d 140.
 

 Furthermore, the Louisiana Supreme Court has ruled that courts may look beyond the guilty plea colloquy to an expanded record to determine whether a voluntary waiver of rights occurred.
 
 State v. Lawson,
 
 410 So.2d 1101, 1103 (La.1982).
 

 In
 
 State v. Warren,
 
 42,699 (La.App. 2 Cir. 10/24/07), 968 So.2d 909,
 
 writ denied,
 
 07-2485 (La.5/16/08), 980 So.2d 707, the defendant argued his guilty pleas to attempted second degree murder and armed robbery were not knowingly and voluntarily made because the trial court failed to inform him his sentences would be served without benefit of parole, probation, or suspension of sentence. The Second Circuit found that under the facts and circumstances of the case, the defendant’s guilty pleas were knowing and voluntary, and should not be invalidated.
 
 Warren,
 
 42,699 at 5, 968 So.2d at 912. The court reasoned that the trial court had thoroughly advised the defendant of his
 
 Boykin
 
 rights and the defendant had indicated his willingness to plead guilty throughout the plea colloquy.
 
 Id.
 
 The court further stated:
 

 Defendant acknowledged that he had consulted with his attorney as to the nature and consequences of the charges and his guilty pleas prior to the guilty plea hearing. Furthermore, by pleading guilty, defendant avoided additional sentencing exposure through dismissal of the most serious charge, aggravated kidnap[p]ing, which carries a mandatory sentence of life imprisonment at hard labor without benefit (La. R.S. 14:44), and the dismissal of other unrelated charges.
 
 Id.
 

 lain the case at bar, although the waiver of rights form did not specifically say that the seven-year sentence to which defendant was agreeing would be without statutory benefits as to the first two years, the form did state that the restrictions were part of the 30-year maximum sentence allowed under the applicable statute. Defendant in the instant case, like the defendant in Warren, received a favorable plea bargain, considering that she received a substantially shorter sentence than the maximum allowed and the State agreed not to file a habitual offender bill. Further, considering the benefit that defendant received by pleading guilty, the fact that the first two years of the sentence had to be served without benefits does not appear to have been a material factor affecting defendant’s decision to plead guilty. Additionally, the record in this case, as in
 
 Warren,
 
 also showed defendant was thoroughly advised on her
 
 Boykin
 
 rights, by
 
 *606
 
 both the court and her attorney. Having found that defendant’s guilty plea was knowing and voluntary, there are no constitutional grounds upon which to allow defendant to withdraw her plea.
 

 ERROR PATENT DISCUSSION
 

 The record was reviewed for errors patent. LSA-C.Cr.P. art. 920;
 
 State v. Oliveaux,
 
 312 So.2d 387 (La.1975);
 
 State v. Weiland,
 
 556 So.2d 175 (La.App. 5 Cir. 1990). This review reveals no errors patent in this case.
 

 CONCLUSION
 

 For the foregoing reasons, defendant’s conviction and sentence are affirmed.
 

 AFFIRMED.
 

 [1]
 

 .
 
 Boykin v. Alabama,
 
 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).